A89A2347. LEE v. FULTON CONCRETE COMPANY et al.
(393 SE2d 449)

CARLEY, Chief Judge.

Appellant-plaintiff was injured when her vehicle was struck by a truck that was owned by appellee-defendant Fulton Concrete Company and that was being operated by its employee, appellee-defendant George Monseglio. After the collision, appellees' liability carrier became insolvent. Accordingly, when appellant filed this tort action against appellees, she caused a copy of her complaint to be served on her own uninsured motorist carrier. See OCGA § 33-7-11 (b) (1) (D) (iv). Thereafter, appellant settled with her uninsured motorist carrier for less than the policy limits. Appellees then moved for summary judgment on the ground that appellant's settlement with her uninsured motorist carrier barred her from pursuing her tort claim against them. The trial court granted summary judgment in favor of appellees and appellant appeals from that order.

Appellees rely upon former OCGA § 33-36-14 (a), a provision of the Georgia Insurers Insolvency Pool Act, which provided as follows: "Any person . . . having a claim against his insurer under any insolvency provision contained in his insurance policy, which claim arises out of the insolvency of a participating insurer, shall be required to exhaust first his rights under the policy; and his rights to recover such claim under this chapter shall be reduced accordingly." Under appellees' construction of this former provision, appellant had a claim against her own uninsured motorist carrier arising out of the insolvency of their liability carrier and, insofar as she failed to exhaust her rights against her own uninsured motorist carrier by settling for less than the policy limits, appellant cannot now proceed on her tort claim against them.

We need not decide whether appellant's apparently good faith settlement with her own uninsured motorist carrier for less than the policy limits does or does not evince a failure to "exhaust" her rights under her own policy as contemplated by former OCGA § 33-36-14 (a). Regardless of the legal effect that appellant's settlement might

otherwise have under the Georgia Insurers Insolvency Pool Act, that settlement does not provide appellees with a personal defense so as to bar appellant's pursuit of her tort action against them. See *Bethea v. Forbes*, 548 A2d 1215 (Pa. 1988). It follows that the trial court erred in granting summary judgment in favor of appellees. Appellant's compliance or non-compliance with former OCGA § 33-36-14 (a) will only become a relevant inquiry if and when she obtains a judgment against appellees.

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MARCH 6, 1990 —
REHEARING DENIED MARCH 22, 1990 — REHEARING DISMISSED APRIL 12, 1990.

*Robert M. Goldberg,* for appellant.
*Bovis, Kyle & Burch, John C. Bach,* for appellees.