A90A2198. SHEPARD v. ALLSTATE INSURANCE COMPANY.
(400 SE2d 682)

DEEN, Presiding Judge.

Appellant's uninsured motorist carrier, Allstate Insurance Company, was dismissed by the trial court because appellant failed to serve Allstate under OCGA § 33-7-11 (d) within the statute of limitation applicable in the tort action. Shepard appeals from the order granting dismissal.

On October 29, 1986, Shepard was a pedestrian when he was struck by a taxicab driven by Byrd. In October 1987, Shepard brought suit for personal injuries against Byrd and Rapid Taxi Company, which was believed to be Byrd's employer. Rapid Taxi was dismissed from the action on March 28, 1988, upon determination that Byrd was not its employee or agent. It was determined that Byrd was also insured by Cabco Trust Group, Inc., and in a separate suit brought by Shepard in October 1987 against Cabco for bad faith refusal to pay no-fault benefits, Cabco filed sworn answers to interrogatories affirming that it insured Byrd. Thereafter, on July 7, 1989, counsel for

Shepard first received information that Cabco might become insolvent, and on August 22, 1989, Shepard's counsel was further notified that Cabco in fact appeared to be insolvent. On August 28, 1989, Shepard served Allstate with the pleadings in the tort action pursuant to OCGA § 33-7-11 (d). Allstate filed its answer on September 27, 1989, and moved for dismissal under OCGA § 9-11-12 (b) on grounds that the applicable two-year statute of limitation had expired before it was served. On June 22, 1990, the trial court granted the motion dismissing Allstate. *Held*:

1. Shepard contends that the facts in this case distinguish it from *Bohannon v. J. C. Penney &c. Ins. Co.*, 259 Ga. 162, 163 (377 SE2d 853) (1989), which held that "the uninsured motorist carrier must be served within the time allowed for valid service on the defendant in the tort action. [Cit.]" See *State Auto Ins. Co. v. Reese*, 191 Ga. App. 818, 819 (383 SE2d 157) (1989). We cannot see how this case differs. It is undisputed that Allstate was not served until after the applicable two-year statute of limitation for personal injuries had expired. OCGA § 9-3-33. Although *Bohannon* raised the possibility of creating an exception for cases like the present one, where insurance coverage unexpectedly evaporates after the statue of limitation has run, the court deferred to the legislature for any such action.

2. Shepard also contends that the trial court erred by failing to give effect to certain requests for admissions served on Allstate and by failing to properly apply OCGA § 33-7-11 (h). The requests for admissions, if taken as admitted, simply set out portions of Allstate's insurance policy. As to OCGA § 33-7-11 (h), it requires that the uninsured motorist carrier be given notice within a reasonable time. Neither of these enumerations warrants reversal of the trial court's order of dismissal.

The face of the pleadings shows that the statute of limitation expired before Allstate was served. Accordingly, the trial court did not err by granting the motion to dismiss. *Bohannon v. J. C. Penney &c. Ins. Co.*, supra; *Harris v. Allstate Ins. Co.*, 179 Ga. App. 343 (347 SE2d 368) (1986); *Vaughn v. Collum*, 236 Ga. 582 (224 SE2d 416) (1976).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED DECEMBER 5, 1990 —
REHEARING DENIED DECEMBER 19, 1990 — 

*James G. Stewart*, for appellant.
*Ike E. Duru, W. Ray Persons*, for appellee.