## A92A2446. GORDON v. COLES.
(429 SE2d 297)

CARLEY, Presiding Judge.

On December 28, 1988, appellee-plaintiff underwent a surgical procedure which was performed by appellant-defendant. On December 27, 1990, appellee filed suit against appellant, seeking to recover damages for injuries allegedly incurred as the consequence of that procedure. On January 4, 1991, the return of service showed that appellant had moved from his home address. Thereafter, appellee's counsel made an effort to locate appellant and, in April 1991, learned that appellant was then residing at a certain address in Mexico. No attempt was made to effectuate personal service on appellant at his Mexican address. Instead, appellee's counsel sought to effectuate service upon appellant by publication. In May 1991, appellant returned to Georgia and resumed his medical practice. In November 1991, appellee's counsel learned that appellant had returned to Georgia. On January 10, 1992, appellant was personally served.

In his answer, appellant raised the statute of limitations as one of his defenses and he subsequently moved for summary judgment based upon that defense. After conducting a hearing, the trial court denied appellant's motion, but certified its order for immediate review. Appellant applied for an interlocutory appeal and the instant case results from the grant of his application.

" 'The principle of law controlling our decision in this case is well-settled: Where service is made after the expiration of the applicable statute of limitation[s], the timely filing of the complaint tolls the statute only if "the plaintiff shows that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible." (Cit.) "A reasonable rule must be that in such case the trial judge should look at all the facts involved and ascertain whether the plaintiff was in any way guilty of laches. If he were, of course he would be barred, but if he acted in a reasonably diligent manner then he would not be." (Cits.) The determination of whether the plaintiff was guilty of laches in failing to exercise due diligence in perfecting service after the running of the statute of limitations is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse. (Cit.)' [Cits.]" *Freemon v. Dubroca*, 177 Ga. App. 745-746 (2) (341 SE2d 276) (1986). In the instant case, appellant was not personally served until more than a year after the applicable two-year statute of limitations had run. Accordingly, the issue for resolution is whether the trial court abused its discretion

in finding that, despite this delay, appellee nevertheless exercised due diligence in effectuating service upon appellant.

In the exercise of its discretion, the trial court was authorized to find that appellee exercised due diligence prior to April 1991, when appellant's Mexican address was discovered. Having discovered that appellant was at that address, however, appellee then made no effort to secure personal service. Appellant was clearly a "non-resident" for purposes of our Long Arm Statute. OCGA § 9-10-90. As such, he could have been personally served at his Mexican address. OCGA § 9-10-94. Thus, as of April 1991, the statute of limitations began to run anew. " '[I]f process could be lawfully served on the defendant, thus enabling the plaintiff to proceed with his action, the period of the defendant's absence from the state is not to be excluded from the period of limitation, and the statute continues to run during the absence.' [Cit.]" *Smith v. Griggs*, 164 Ga. App. 15, 17 (1) (296 SE2d 87) (1982). Rather than attempting to secure personal service upon appellant, appellee attempted service by publication. However, service by publication would not be an effective method "in any action for personal judgment for a tort against any person, resident or nonresident." *Barnes v. Continental Ins. Co.*, 231 Ga. 246, 247 (201 SE2d 150) (1973).

After attempting the ineffective service by publication, appellee did nothing to effectuate personal service upon appellant until it was learned in November 1991 that appellant had returned to Georgia. Thus, for a period of several months after April 1991, when personal service *could* have been secured, appellee exercised *no* diligence whatsoever. "It is true that the trial court has wide discretion in the dismissal of complaints for failure of the plaintiff to perfect service in a timely manner. [Cits.] However, appellee['s] lassitude cannot be considered due diligence. We find, therefore, that the trial court's determination constitutes an abuse of discretion which cannot be supported as a matter of law." *Abelt v. Nelson*, 204 Ga. App. 501, 503-504 (419 SE2d 749) (1992). It follows that the trial court erred in denying appellant's motion for summary judgment.

*Judgment reversed. Pope, C. J., and Johnson, J., concur.*

DECIDED MARCH 4, 1993 —
RECONSIDERATION DENIED MARCH 17, 1993.

*Long, Weinberg, Ansley & Wheeler, Robert G. Tanner, Mark E. Robinson*, for appellant.

*Bruce K. Roberts, Alfred J. Turk III*, for appellee.