A93A1529. PEOPLES v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
(438 SE2d 167)

BEASLEY, Presiding Judge.

Plaintiff Peoples appeals from the trial court's grant of his uninsured/underinsured motorist carrier State Farm's motion to dismiss based on its claim of untimely service of process. Peoples contends that the court erred because, prior to the expiration of the two-year statutory limitation, he filed a motion for leave to add State Farm and also State Farm had been notified of the possibility of a claim.

On September 21, 1990, Peoples was a passenger in a vehicle which collided with a vehicle operated by Holley. By letter to Peoples' counsel dated February 17, 1992, a State Farm claim superintendent acknowledged that the insurer's exposure "appear[ed] to be as excess PIP and as . . . possibly an Underinsured Motorist claim."

On August 24, 1992, Peoples sued Holley, alleging negligence which was wanton, reckless and showed conscious indifference to consequences. He moved to add State Farm as an indispensable party about two weeks later, which was still within the statute of limitation. He attached a proposed amendment to the complaint and a copy of the original complaint. This was accompanied by a letter to the court and a proposed order granting the addition and amendment.

The next day, September 9, the court clerk sent a letter notifying Peoples' counsel that the trial court's next motion day was not until October 23, and that the attorney had to forward a consent or place the matter on said motion calendar. On September 25, plaintiff's attorney forwarded a consent for signing to defendant Holley's attorney, who advised on September 29, that he was not in a position to sign a consent order adding State Farm as a party.

After receiving notice that the motion to add State Farm was assigned to the October 23 court calendar, Holley's counsel sent a letter to the court stating that he would not attend the hearing because he was not in a position to oppose or agree to plaintiff's motion. On December 11, the court granted the motion to add State Farm and permitted the amended complaint. Peoples filed the amendment on December 16, summons issued that day, and service was perfected on State Farm on December 28.

Thereafter, it filed an answer reserving its rights and without submitting to the court's jurisdiction, a cross-claim against defendant

Holley, interrogatories, and a request for production of documents. Later, it moved to dismiss the case as to it, claiming that it was not served within the applicable statute of limitation. The court granted the motion, citing as authority *State Auto Ins. Co. v. Reese*, 191 Ga. App. 818 (383 SE2d 157) (1989), and *Bohannon v. Futrell*, 189 Ga. App. 340 (375 SE2d 637) (1988).

As discussed in both *Bohannon* and *Reese*, OCGA § 33-7-11 (d) requires service on the uninsured motorist carrier within the time allowed for service on the defendant in the tort action. Compliance with the statutory mandate does not confer party status on the carrier. See *Bohannon* at 341 (1). Instead, the carrier has the option of becoming a party and filing its pleadings, or filing pleadings on behalf of the defendant owner or operator or both, or doing nothing. Therefore, the question of whether or not State Farm was timely served as the uninsured motorist carrier is not dependent on its status as a party to the suit by amendment. See OCGA § 9-11-4 (c). Nor is the issue notice or harm to the carrier, but squarely the timeliness of service. See *Reese* at 819 (1). The carrier must be served at the outset, "as though [it] were actually named as a party defendant." OCGA § 33-7-11 (d). Although a plaintiff has the option of naming his carrier as a party defendant or not, he has no option regarding service. The law requires that the insurer be served so that it, not merely the insured, can assess its potential liability from the time litigation commences against the tortfeasor.

The insured cannot avoid the mandate of OCGA § 33-7-11 (d) and the consequences of not complying with it by adding the insurer to the tort suit when and if he perceives a need to pursue uninsured or underinsured motorist coverage for payment of the potential judgment against the tortfeasor. The legislature has given the opportunity to anticipate underinsured motorist claim liability and to prepare for it to the insurer, which under its contract bears the ultimate risk of payment of a judgment against an uninsured or underinsured tortfeasor. It has a choice of whether and when and how to be involved in the tort suit.

In *Williams v. Colonial Ins. Co. of California*, 199 Ga. App. 760 (406 SE2d 99) (1991), in which the uninsured motorist carrier was served within five days after the expiration of the statute of limitation, this court held that " ' "[w]here the statute of limitation accrues between the date of filing and the date of service, whether or not it relates back (*if the service is more than five days after the filing*) depends on the length of time and the diligence used by the plaintiff." (Cits.)' (Emphasis supplied.) [Cit.] This rule has previously been applied by this court with respect to service against uninsured motorist carriers. [Cit.]" We might add, whether they are defendants or not.

Here, the court had to look "at all the facts involved and ascer-

tain whether the plaintiff was in any way guilty of laches. If he were, of course he would be barred, but if he acted in a reasonably diligent manner then he would not be. (Cits.)" (Punctuation omitted.) *Gordon v. Coles*, 207 Ga. App. 889 (429 SE2d 297) (1993). The matter is within the trial court's discretion and the court's decision will not be disturbed absent abuse. Id.

That plaintiff filed his motion to add the carrier as a party and to amend the complaint to reflect such addition prior to the expiration of the statute of limitation provided no justification for failing to serve the carrier at the time suit was filed. The reason is that the carrier's right to service was independent of its insured's decision to add it as a party to the action. Thus, the two-step analysis for allowing parties to be added, as set out in *Horne v. Carswell*, 167 Ga. App. 229 (306 SE2d 94) (1983), is unnecessary because it is irrelevant. The plaintiff articulated no reason for the delay other than that the court had not earlier permitted its addition as a party. Therefore, the trial court was authorized to find the plaintiff's lack of diligence as a matter of law in its service on the carrier, and consequently, to grant State Farm's motion to dismiss it from the action.

*Judgment affirmed. Cooper and Smith, JJ., concur.*

DECIDED NOVEMBER 19, 1993.

*Hart & McIntyre, George W. Hart*, for appellant.

*Crim & Bassler, Nikolai Makarenko, Jr., Alan W. Connell*, for appellee.