A94A0939. UNITED STATES FIDELITY & GUARANTY INSURANCE COMPANY v. MYERS et al.
(449 SE2d 359)

ANDREWS, Judge.

The incident which underlies this lawsuit is an automobile accident which occurred on June 20, 1990, between vehicles driven by Leon Myers, Sr., and Rochelle Lakes. Leon Myers, Sr., Vincent Kimberly, Leon Myers, Jr., Edward Myers and Rose Mary Myers commenced their action against Lakes and her employer, Courier Dispatch Group, on August 20, 1991. Lakes and Courier Dispatch filed their answer denying liability on October 3, 1991.

According to the Myers and Kimberly, at the December 21, 1992 deposition of a witness to the accident, they became aware of the existence of a phantom driver's involvement in the accident. Thereafter,

on January 19, 1993, the Myers and Kimberly filed a motion to add as a party defendant "John Doe" and to amend their complaint, which motion the trial court granted on March 30, 1993.

United States Fidelity & Guaranty Insurance Company ("USF&G") was served with the complaint, as the uninsured motorist carrier, on April 13, 1993. USF&G subsequently filed its answer to the suit. On July 13, 1993, USF&G filed a motion to dismiss, arguing that the Myers and Kimberly had failed to serve it within the two-year statute of limitation and that the suit should be dismissed. The trial court found that the statute of limitation was tolled from August 20, 1991, until December 21, 1992, and denied the motion to dismiss. USF&G filed an application for interlocutory review, which we granted and this appeal followed.

In its sole enumeration of error, USF&G claims that the trial court erred in denying its motion to dismiss since it was not served within the two-year statute of limitation as required by *Bohannon v. J. C. Penney Cas. Ins. Co.*, 259 Ga. 162 (377 SE2d 853) (1989) and *Peoples v. State Farm &c. Ins. Co.*, 211 Ga. App. 55 (438 SE2d 167) (1993). See also *State Auto Ins. Co. v. Reese*, 191 Ga. App. 818 (383 SE2d 157) (1989). USF&G contends that under these cases, the plaintiffs' failure to serve USF&G before the expiration of the limitation period should bar the complaint against USF&G. We agree.

"As discussed in both *Bohannon* [*v. Futrell*, 189 Ga. App. 340 (375 SE2d 637) (1988)] and *Reese*, OCGA § 33-7-11 (d) requires service on the uninsured motorist carrier within the time allowed for service on the defendant in the tort action. Compliance with the statutory mandate does not confer party status on the carrier. See *Bohannon* at 341 (1). Instead, the carrier has the option of becoming a party and filing its pleadings, or filing pleadings on behalf of the defendant owner or operator or both, or doing nothing. Therefore, the question of whether or not [USF&G] was timely served as the uninsured motorist carrier is not dependent on its status as a party to the suit by amendment. See OCGA § 9-11-4 (c). Nor is the issue notice of harm to the carrier, but squarely the timeliness of service. See *Reese* at 819 (1). The carrier must be served at the outset, 'as though (it) were actually named as a party defendant.' OCGA § 33-7-11 (d). Although a plaintiff has the option of naming his carrier as a party defendant or not, he has no option regarding service. The law requires that the insurer be served so that it, not merely the insured, can assess its potential liability from the time litigation commences against the tortfeasor." *Peoples*, supra at 56.

The Myers and Kimberly claim that *Bohannon* and its progeny are inapposite and cite *Horne v. Carswell*, 167 Ga. App. 229 (306 SE2d 94) (1983) and *Jefferson Pilot Fire &c. Co. v. Burger*, 176 Ga. App. 471 (336 SE2d 591) (1985), as support for their position. They

argue that the addition of the "John Doe" defendant should be governed under the principles applicable to OCGA § 9-11-15 (c) and that the instant situation differs from that in which it is discovered that a known motorist is uninsured.

In *Bohannon*, 259 Ga. 162, supra, the Supreme Court rejected the argument that the statute of limitation on a claim under the uninsured motorist act should not run until it is determined that the negligent motorist is uninsured, and instead adhered to the rule that "the uninsured motorist carrier must be served within the time allowed for valid service on the defendant in the tort action. [Cit.]" Id. at 163. Although *Bohannon* involved a known motorist who was later determined to be uninsured, the same rationale applies here where the possible existence of an uninsured motorist was subsequently discovered.

Generally, the uninsured motorist carrier's right to be served timely is independent of any service considerations applicable to the defendant tortfeasor. Cf. *Peoples*, supra at 57. In some rare circumstances, the statute of limitation may be tolled for the defendant tortfeasor, and the period of time for serving the uninsured motorist carrier is extended commensurately. See, e.g., *State Farm &c. Ins. Co. v. Harris*, 207 Ga. App. 8 (427 SE2d 1) (1992) (statute tolled during bankruptcy automatic stay) and *Jefferson Pilot*, supra (statute tolled between death of defendant and appointment of estate administrator). However, no such circumstances are present in the instant case, and the trial court erred in finding that the statute of limitation was tolled until the plaintiffs discovered the possible existence of a phantom driver.

*Judgment reversed. Beasley, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 18, 1994.

*William M. Schiller, Jane C. Taylor*, for appellant.
*Bush & Miller, Betty B. Walker, MacDougald & Hendon, W. Zachary Hendon, Jr.*, for appellees.