A94A2546. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. KILGORE et al.
(454 SE2d 587)

JOHNSON, Judge.

On May 31, 1990, Edward Rix was driving a tractor owned by Ray West when he collided with a car driven by Delana Kilgore and owned by Fred Kilgore. Southern General Insurance Company, which had issued an insurance policy for West's tractor, filed a declaratory judgment action, claiming the policy did not cover the accident. The defendants named in that action included West and Rix, the Kilgores and their uninsured motorist carrier, Georgia Farm Bureau Mutual Insurance Company (GFB). On February 15, 1991, the Kilgores filed a cross-claim against West and Rix, seeking recovery for alleged personal injuries to Delana Kilgore and property damage to Fred Kil-

gore's car. Thereafter, the trial court granted summary judgment to Southern General on its declaratory judgment action, and this court affirmed that judgment. *Kilgore v. Southern Gen. Ins. Co.*, 210 Ga. App. 434 (436 SE2d 547) (1993). On May 15, 1992, the day after the trial court's grant of summary judgment to Southern General, the Kilgores obtained a duplicate original of the cross-claim and summons from the trial court clerk, and mailed those documents to the sheriff for service on GFB. The sheriff did not perfect service until June 2, 1992, because GFB's registered agent was out of the country until that date. GFB moved to dismiss the cross-claim based on untimely service of process. The trial court denied the motion, finding that diligence in serving a defendant with notice of a lawsuit is measured from the time the statute of limitation runs and that the Kilgores exercised sufficient diligence in serving GFB with the cross-claim. GFB appeals.

GFB correctly asserts that as the Kilgores' uninsured motorist carrier it was entitled to be served with notice of the Kilgores' cross-claim as if it were the defendant named in that claim. See OCGA § 33-7-11 (d); *Capra v. Rogers*, 200 Ga. App. 131, 135 (4) (407 SE2d 101) (1991). GFB also is correct in noting the trial court erroneously stated that diligence in serving a defendant with notice of a lawsuit is measured from the time the statute of limitation runs. The trial court made this misstatement in reliance on *Hobbs v. Arthur*, 209 Ga. App. 855 (434 SE2d 748) (1993), which has now been overruled and, unlike the instant case, involved a renewal action under OCGA § 9-2-61. *Hobbs v. Arthur*, 264 Ga. 359 (444 SE2d 322) (1994). The trial court apparently relied on the following language from this court's opinion in that case: "The diligence in serving a defendant with notice of the lawsuit must be measured from the time the statute would otherwise have run, because up to that time, no diligence need be shown. But beyond that time, good reason must appear for tolling the statute." *Hobbs v. Arthur*, 209 Ga. App. 855 at 857 (2).

This language is correct to the extent it conveys the concept that if a complaint is both filed and served before the expiration of the statute of limitation, there is no issue of the plaintiff's diligence in serving process, regardless of the length of time between filing and service. Under those circumstances, diligence is irrelevant to the matter of service. "When service is to be made within this state, the person making such service shall make the service within five days from the time of receiving the summons and complaint; *but failure to make service within the five-day period will not invalidate a later service*." (Emphasis supplied.) OCGA § 9-11-4 (c). A lawsuit is a valid pending action upon which the plaintiff can proceed if service, though late, has been perfected before the running of the statute of limitation. *Childs v. Catlin*, 134 Ga. App. 778, 781 (216 SE2d 360)

(1975); *Hilton v. Maddox, Bishop &c.*, 125 Ga. App. 423, 427 (1) (188 SE2d 167) (1972).

If, however, service is perfected after the statute of limitation expires, the plaintiff's diligence in perfecting service is not, as the trial court ruled, measured only from the date the statute ran; rather, the correct rule is to measure diligence from the date the complaint was filed to determine if the untimely service of process should relate back to the timely filed complaint and thereby toll the statute of limitation. See generally *Nee v. Dixon*, 199 Ga. App. 729, 730 (405 SE2d 766) (1991). "Where the statute of limitation accrues between the date of filing and the date of service, whether or not it relates back if the service is more than five days after the filing depends on the length of time and the diligence used by the plaintiff. This rule has previously been applied by this court with respect to service against uninsured motorist carriers." (Citations, punctuation and emphasis omitted.) *Williams v. Colonial Ins. Co. of California*, 199 Ga. App. 760 (406 SE2d 99) (1991).

In the instant case, OCGA § 9-3-31 provides the four-year statute of limitation applicable to the cross-claim for property damage to Fred Kilgore's car and OCGA § 9-3-33 sets forth the two-year statute of limitation governing Delana Kilgore's personal injury claim. The Kilgores filed and served their cross-claim on GFB prior to May 31, 1994, the expiration date for the statute of limitation applicable to the property damage claim. See generally *Davis v. DESA Intl.*, 209 Ga. App. 318 (433 SE2d 410) (1993). Accordingly, the trial court committed no error in denying GFB's motion to dismiss that portion of the cross-claim. See *Smith v. Griggs*, 164 Ga. App. 15, 18 (2) (296 SE2d 87) (1982); *Webb v. Murphy*, 142 Ga. App. 649, 650 (236 SE2d 840) (1977).

Delana Kilgore's cross-claim for personal injuries was filed before, but not served on GFB until two days after, the running of the applicable two-year statute of limitation. See generally *Davis*, supra. Kilgore did not attempt to serve GFB with the cross-claim until 15 months after filing it, when the trial court granted summary judgment to Southern General. Kilgore argues she was justified in allowing this 15 months to elapse before serving her uninsured motorist carrier with the claim because until the court granted summary judgment to Southern General, Rix and West were not uninsured. This argument has previously been rejected. See *Bohannon v. Futrell*, 189 Ga. App. 340, 341-342 (1) (375 SE2d 637) (1988).

Nevertheless, although Kilgore's delay of 15 months was not diligent, she had the option, as previously discussed, to try to accomplish both filing and service any time before the expiration of the statute of limitation, regardless of the amount of time elapsed between filing and service. See OCGA § 9-11-4 (c); *Childs*, supra; *Hilton*, supra. It is

undisputed that Kilgore provided the sheriff with the necessary documents for service on GFB more than two weeks before the expiration of the statute. Kilgore's attorney then contacted the sheriff twice prior to the statute's expiration to determine if service had been perfected and to ask that service be expedited. The sheriff, however, was unable to perfect service until two days after the statute ran because GFB's registered agent was out of the country. Under these circumstances, the trial court was authorized to conclude the sheriff's failure to serve GFB before the statute ran was not due to lack of diligence by Kilgore, but was due to the registered agent's unavailability; had he been available, the sheriff could have served him before the statute ran. See *Douglas v. Woon*, 205 Ga. App. 355, 356-357 (1) (422 SE2d 61) (1992); *Scoggins v. State Farm Mut. Auto. Ins. Co.*, 156 Ga. App. 408 (274 SE2d 775) (1980). Because the court did not abuse its discretion, the denial of GFB's motion to dismiss cannot be disturbed. See *Peoples v. State Farm Mut. Auto. Ins. Co.*, 211 Ga. App. 55, 57 (438 SE2d 167) (1993); *Shears v. Harris*, 196 Ga. App. 61, 62 (395 SE2d 300) (1990); compare *Johnson v. Shield Ins. Co.*, 189 Ga. App. 333 (375 SE2d 510) (1988).

*Judgment affirmed. Beasley, C. J., and Andrews, J., concur.*

DECIDED FEBRUARY 10, 1995 —
RECONSIDERATION DENIED FEBRUARY 23, 1995.

*Jones, Hilburn, Claxton & Sanders, James V. Hilburn*, for appellant.

*W. McMillan Walker, Sarah M. Tipton-Downie, E. Herman Warnock, George L. French*, for appellees.