S95G0939. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. KILGORE et al.

(462 SE2d 713)

CARLEY, Justice.

A simplified statement of the facts relevant to this case is as follows: Georgia Farm Bureau Mutual Insurance Company (GFB) provided uninsured motorist coverage for an automobile owned by Fred Kilgore. On May 31, 1990, Delana Kilgore was driving this automobile when it was struck by a tractor. On February 15, 1991, in a pending lawsuit, the Kilgores filed a cross-claim against the owner and operator of the tractor, seeking to recover for property damage and personal injuries incurred in the collision. Thereafter, it was determined that the owner and operator of the tractor were uninsured and, on May 15, 1992, the Kilgores first requested the sheriff to serve a copy of their tort cross-claim on GFB. The sheriff did not perfect service until June 2, 1992, because GFB's registered agent was out of the country prior to that date. GFB moved to dismiss, on the ground that service was untimely. The trial court denied GFB's motion and the Court of Appeals affirmed. *Ga. Farm Bur. Mut. Ins. Co. v. Kilgore*, 216 Ga. App. 384 (454 SE2d 587) (1995). We granted certiorari to determine whether a significant delay between the filing of the tort claim and service on the uninsured motorist carrier requires dismissal when, within the applicable period of limitations, the plaintiff seeks to have the uninsured motorist carrier served and service is perfected within a reasonable time thereafter, but outside of the period of limitations. We hold that it does not and that the Court of Appeals correctly affirmed the trial court's denial of GFB's motion to dismiss.

OCGA § 33-7-11 (d) requires that a copy of the pleading asserting a tort claim "shall be served as prescribed by law upon" GFB, "as though" GFB "were actually named as a party defendant" in the tort action. Thus, it was necessary that service of the Kilgores' cross-claim be perfected on GFB within the time allowed by law for valid service upon the owner and operator of the tractor. *Vaughn v. Collum*, 236 Ga. 582 (224 SE2d 416) (1976). Although the pleading asserting the tort claim itself must be filed within the applicable period of limitations, the law allows the same to be served beyond that applicable period. If the timely filing of the pleading is followed by timely service perfected as authorized by law, the subsequent service will relate back to the initial filing even though the statute of limitations has run in the interim. *Hilton v. Maddox, Bishop, Hayton Frame &c. Contractors*, 125 Ga. App. 423, 425 (1) (188 SE2d 167) (1972).

The Kilgores' cross-claim was served on GFB well within the applicable four-year statute of limitations for property damage claims. A suit is unquestionably a valid "pending action" if service has been perfected before the running of the applicable statute of limitations. *Hilton v. Maddox, Bishop, Hayton Frame &c. Contractors*, supra at 427 (1). Therefore, the Court of Appeals correctly affirmed the trial court's denial of GFB's motion to dismiss the property damage claims.

However, the Kilgores' cross-claim was not served on GFB within the applicable two-year statute of limitations for personal injury claims. Where the applicable statute of limitations runs between the date of filing and the date of service, the relation back of the latter to the former is dependent upon the diligence exercised by the plaintiff in perfecting service. *Childs v. Catlin*, 134 Ga. App. 778, 781 (216 SE2d 360) (1975).

OCGA § 9-11-4 (c) provides a time frame for performance by the process server once service is sought, but does not provide a time limit within which service must be initiated by the plaintiff. Thus, "the mere time lapse" between the date of filing and the date of service is not a valid basis for dismissal. *Childs v. Catlin*, supra at 782. In determining whether diligence was exercised, the focus is upon the plaintiff's efforts after becoming aware that the process server failed to perfect service in accordance with the time limit provided in OCGA § 9-11-4 (c). *Deloach v. Hewes*, 211 Ga. App. 321, 322 (439 SE2d 94) (1993). Therefore, the elapse of 15 months between the filing of the Kilgores' cross-claim and their first effort to have it served on GFB is not dispositive. The purpose of serving the uninsured motorist carrier is to provide notice of the existence of a tort claim for which it ultimately may be held financially responsible. *Bohannon v. Futrell*, 189 Ga. App. 340, 342 (1) (375 SE2d 637) (1988), aff'd 259 Ga. 162 (377 SE2d 853) (1989). May 15, 1992 was within the applica-

ble two-year statute of limitations for personal injury claims and no judgment had been entered in the Kilgores' tort action. There is no contention that, on that date, the Kilgores could not have dismissed their cross-claim, refiled it in the form of a complaint against the owner and operator of the tractor within six months, and then served GFB with that complaint. *Hobbs v. Arthur*, 264 Ga. 359 (444 SE2d 322) (1994). Since the Kilgores could have dismissed their original tort action on May 15, 1992 and thereafter filed a renewal action against the owner and operator of the tractor, GFB would not be prejudiced by having the timeliness of the service determined from that date. See *Humble Oil &c. Co. v. Fulcher*, 128 Ga. App. 606, 609 (3) (197 SE2d 416) (1973).

The trial court was authorized to find that, on May 15, 1992, the sheriff was provided with a duplicate original of the Kilgores' cross-claim and a summons which he was requested to serve on GFB. Thereafter, the Kilgores contacted the sheriff to determine whether service had been perfected and to request that service be expedited. However, the sheriff was unable to perfect or expedite service because of the unavailability of GFB's registered agent. When GFB's registered agent eventually became available, service was perfected only two days after the applicable two-year statute of limitations had run. Under these circumstances, the trial court was authorized to find that the failure to serve GFB within the applicable period of limitations was not the result of the Kilgores' lack of diligence, but the result of the unavailability of GFB's registered agent. Therefore, the Court of Appeals correctly held that the trial court did not abuse its discretion in denying GFB's motion to dismiss the Kilgores' personal injury claims.

*Judgment affirmed. All the Justices concur, except Fletcher, P. J., and Sears, J., who concur specially.*

FLETCHER, Presiding Justice, concurring specially.

I agree that we should affirm the decision of the Court of Appeals. I write separately because I do not agree with the majority that diligence in perfecting service is measured only from the point when plaintiff becomes aware that the process server failed to effect service in accordance with OCGA § 9-11-4 (c). Rather, I agree with the Court of Appeals that diligence in service must be measured from the date of the filing of the complaint. The majority's new rule relieves the plaintiff of the responsibility to initiate service promptly upon the filing of the complaint.

Regardless of which rule is applied, however, I agree that under the unique facts of this case, the trial court did not abuse its discretion in denying Georgia Farm Bureau's motion to dismiss.

I am authorized to state that Justice Sears joins in this special

concurrence.

Decided October 16, 1995 —
Reconsideration denied November 9, 1995.

Jones, Hilburn & Claxton, James V. Hilburn, for appellant.
W. McMillan Walker, George L. French, E. Herman Warnock, Sarah M. Tipton-Downie, for appellees.