A96A1629. REID v. UNITED STATES FIDELITY & GUARANTY COMPANY.
A96A1630. REID v. PARKER et al.
(477 SE2d 369)

JOHNSON, Judge.

In February 1993, Karen Reid filed suit against Spencer Lee Parker and Bobby Parker seeking damages for injuries she alleged she sustained in an automobile accident in December 1991. At the time of the collision and when suit was filed, the Parkers were insured by State Casualty Insurance Company. At the time suit was filed, Reid did not serve her uninsured motorist carrier, United States Fidelity & Guaranty Company (USF&G), apparently because there was no reason to conclude the Parkers were uninsured. However, on January 6, 1994, during the pendency of the lawsuit and more than two years after the date of the collision, State Casualty was declared insolvent. In March 1995, the Parkers' insurance coverage having evaporated, new counsel for Reid served USF&G. Before USF&G's answer was due, Reid voluntarily dismissed the suit and refiled the present action within the six-month period contemplated by the renewal statute, OCGA § 9-2-61. In the renewed action, USF&G moved for summary judgment, arguing that the original suit against it was void because the applicable two-year statute of limitation had expired before it was served and that the renewal action was therefore improper. The trial court agreed and entered judgment in favor of USF&G. Reid appeals that judgment in Case No. A96A1629.

The Parkers filed a motion for partial summary judgment contending that, pursuant to OCGA § 33-36-14 (a), a provision of the Georgia Insurers Insolvency Pool Act, funds from Reid's uninsured motorist coverage are primary over their own tort liability. The trial court granted the motion in part, concluding that Reid cannot recover from the Parkers any amount of any judgment up to the

$40,000 combined single limit in liability coverage and $1,000 limit in medical payments coverage contained in her uninsured motorist policy with USF&G. Reid appeals from this grant of partial summary judgment in favor of the Parkers in Case No. A96A1630.

## Case No. A96A1629

1. Reid asserts the trial court erred in concluding that summary judgment for USF&G was proper because the underlying action was void as to USF&G and therefore not subject to renewal. " 'The "privilege" of dismissal and renewal does not apply to cases decided on their merits or to void cases, but does allow renewal if the previous action was merely voidable.' [Cit.]" *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994). In *Hobbs*, the Supreme Court reiterated the long-standing principle that OCGA § 9-2-61 (a), the renewal statute, is remedial in nature and is therefore construed liberally to allow renewal where a suit is disposed of on any ground not affecting its merits. A suit is void if service was never perfected or if there has been an adjudication that dismissal is authorized. However, "unless and until the trial court enters an order dismissing a valid action, it is merely voidable and not void." Id. "A suit is unquestionably a valid 'pending action' if service has been perfected before the running of the applicable statute of limitations. [Cit.]" *Ga. Farm Bureau Mut. Ins. Co. v. Kilgore*, 265 Ga. 836, 837 (462 SE2d 713) (1995). The previous action in this case was served on the Parkers and USF&G prior to its dismissal.

In *Bohannon v. J. C. Penney &c. Ins. Co.*, 259 Ga. 162, 163 (377 SE2d 853) (1989), our Supreme Court held that an "uninsured motorist carrier must be served within the time allowed for valid service on the defendant in the tort action. [Cit.]" This Court noted in *Shepard v. Allstate Ins. Co.*, 198 Ga. App. 144, 145 (1) (400 SE2d 682) (1990) that "[a]lthough *Bohannon* raised the possibility of creating an exception for cases like the present one, where insurance coverage unexpectedly evaporates after the statute of limitation has run, the court deferred to the legislature for any such action." See also *Clark v. Safeway Ins. Co.*, 198 Ga. App. 282 (1) (401 SE2d 72) (1991). Although USF&G undoubtedly would have raised a statute of limitation defense in the underlying suit based on *Bohannon*, supra, the case was voluntarily dismissed before it had an opportunity to do so. Until such time as the trial court ruled on an asserted affirmative defense, however, the action was merely voidable as to USF&G, not void. See *Fine v. Higgins Foundry &c.*, 201 Ga. App. 275, 276 (1) (410 SE2d 821) (1991). The trial court's conclusion that the underlying action was void as a basis for granting USF&G's motion for summary judgment in the renewal action was erroneous and must be reversed.

In *Kilgore*, supra, the Supreme Court concluded that dismissal of an action is not required when there was a significant delay between the timely filing of a tort claim and service on an uninsured motorist carrier, even when service was not perfected until well after the running of the statute of limitation. The court cited its previous decision in *Hobbs*, supra, and noted that the plaintiff could have dismissed the original suit, filed a renewal action, and avoided the problem altogether. Further, any defenses raised in the subsequent action, such as failure to timely serve, will be adjudicated only with respect to the subsequent action. *Hobbs*, supra at 360. It appears that *Hobbs* and *Kilgore* have created the exception called for by Justice Weltner in his dissent in *Bohannon*, supra. While our courts generally disfavor doing indirectly what cannot be done directly, it appears that *Kilgore*'s application of *Hobbs* allows an uninsured motorist carrier to be brought into a voidable action after the statute of limitation has run as to it and, then, after dismissal and refiling, precludes raising defenses which could have been asserted only in the original action.

Any discussion of whether *Hobbs* and *Kilgore* intended to create a method for circumventing *Bohannon*, however, is beyond the scope of the enumerated error in this appeal. We note in passing that the case law applying the two-year personal injury statute of limitation to actions against uninsured motorist carriers rather than the six-year statute of limitation applicable to suits on written contracts apparently arises out of a policy concern that the carrier be able to avail itself of all defenses which are available to the uninsured defendant. Clearly that policy concern is not present in this case, inasmuch as the Parkers were served well within the statute of limitation period. Furthermore, it seems illogical to apply the two-year period from the date of the accident here because the Parkers did not become uninsured so as to implicate Reid's uninsured motorist coverage until after the two-year period had expired. It would seem a terrible injustice to say that persons who had purchased uninsured motorist coverage in complete good faith could be denied the benefit of their contracts under such circumstances. Furthermore, this situation would have significant practical implications for lawyers representing plaintiffs in automobile accident cases. As was the situation with Reid's lawyer here, they would have no reason to anticipate that the defendants would become uninsured after suit was filed. But if the two-year statute is to be strictly applied, these lawyers would be forced to serve their client's uninsured motorist carrier in every case and try to hold them in the case against the slim possibility that the defendant would become uninsured before the case was concluded and any judgment collected. Should counsel serve the uninsured carrier under those circumstances, he or she would immediately be called upon to defend a motion for summary judgment or a declara-

tory judgment action, no doubt including an application for frivolous litigation expenses, based on a defense that the defendant was not uninsured. Fact situations such as this cry out for legislative action, and, should such pleas produce no result, rethinking by the Supreme Court of the policy reflected in the cases regarding the applicability of the two-year statute of limitation.

### Case No. A96A1630

2. Reid also appeals from the trial court's grant of partial summary judgment in favor of the Parkers which limited any recovery against them personally to any amount awarded in excess of the policy limits of Reid's uninsured motorist coverage. Matters of the existence or non-existence of uninsured motorist coverage and compliance or non-compliance with OCGA § 33-36-14 (a) do not constitute defenses available to the Parkers and are unrelated to the only issues in this case, i.e., whether the Parkers are liable to Reid and, if so, in what amount. Any decision regarding who may be ultimately liable for satisfaction of any judgment which might be rendered against the Parkers is not an issue ripe for adjudication by the trial court. See *Lee v. Fulton Concrete Co.*, 195 Ga. App. 348 (393 SE2d 449) (1990). Therefore, the trial court's grant of partial summary judgment in favor of the Parkers is reversed.

*Judgments reversed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 15, 1996 — 

*Jones, Cork & Miller, Charles M. Cork III*, for appellant.
*Martin, Snow, Grant & Napier, William H. Larsen*, for appellee (case no. A96A1629).
*Miller & Towson, Wallace Miller III*, for appellees (case no. A96A1630).