## A97A0950. GRIGSBY et al. v. WHITE.
(492 SE2d 603)

JOHNSON, Judge.

Carl and Margaret Grigsby sued Wesley Scott White to recover for injuries allegedly sustained by Carl Grigsby in an automobile collision which occurred on October 19, 1991. At the time of the collision, White had liability insurance under a policy with State Casualty Insurance Company. The Grigsbys carried an uninsured motorist policy with Allstate Insurance Company with limits of $15,000 per person, $30,000 per incident, and $10,000 available in property damage coverage. It is undisputed that White's liability coverage was equal to or greater than the Grigsbys' uninsured motorist coverage. It is further undisputed that the Grigsbys filed the present lawsuit prior to the expiration of the statute of limitation and that White's insurance company had not been declared insolvent when the lawsuit was filed.

On January 6, 1994, nearly three months after the statute of limitation expired, White's insurance carrier was declared insolvent. The Grigsbys did not serve Allstate Insurance Company as a potential uninsured motorist carrier prior to the expiration of the statute of limitation and, in fact, have never served Allstate as an uninsured motorist carrier.

White moved for summary judgment, contending the Grigsbys could not recover a judgment from him without first subtracting the amount of the uninsured motorist coverage which would have been available had Allstate been notified of the claim within the statute of limitation. The trial court granted White's motion, and the Grigsbys appeal. For reasons which follow, we reverse and vacate the trial court's judgment.

Once again, we are faced with an uninsured motorist case where the defendant's insurance carrier does not become insolvent until *after* the statute of limitation expires. In two enumerations of error, the Grigsbys contend the trial court erred in granting White's motion for summary judgment because the issue of set-off is not ripe until a judgment is entered and because White is not entitled to a set-off as a matter of law.

OCGA § 33-36-14 (a) states as follows: "Any person . . . having a claim against a policy or an insured under a policy issued by an insolvent insurer, which claim is a covered claim and is also a claim within the coverage of any policy issued by a solvent insurer, shall be required to exhaust first his rights under such policy issued by the solvent insurer. The policy of the solvent insurer shall be treated as primary coverage and the policy of the insolvent insurer shall be treated as secondary coverage and his rights to recover such claim under this chapter shall be reduced by any amounts received from

the solvent insurers." According to White, this statute requires the Grigsbys to first exhaust any benefits to which they *may* be entitled prior to obtaining a judgment on a jury verdict against White.

Under the circumstances of this case, however, we need not decide whether the Grigsbys' failure to serve Allstate within the statute of limitation does or does not evince a failure to "exhaust" their rights under their own policy as contemplated by OCGA § 33-36-14 (a).[1] The Grigsbys are correct in their assertion that this issue is not yet ripe since a judgment has not yet been rendered against White. "Regardless of the legal effect that [the Grigsbys' failure to serve Allstate] might otherwise have under the Georgia Insurers Insolvency Pool Act, that [failure] does not provide [White] with a personal defense so as to bar [the Grigsbys'] pursuit of [their] tort action against [White]. [Cit.] It follows that the trial court erred in granting summary judgment in favor of [White]. [The Grigsbys'] compliance or non-compliance with [OCGA § 33-36-14 (a)] will only become a relevant inquiry if and when [they] obtain[ ] a judgment against [White]." *Lee v. Fulton Concrete Co.*, 195 Ga. App. 348, 349 (393 SE2d 449) (1990). See also *Reid v. U. S. Fidelity &c. Co.*, 223 Ga. App. 204, 207 (2) (477 SE2d 369) (1996). Accordingly, we reverse the trial court's decision and vacate the judgment entered by the trial court.

*Judgment reversed and vacated. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 2, 1997.

*Howard E. Alls*, for appellants.
*Howard, Carswell & Bennett, Kenneth R. Carswell*, for appellee.

---

[1] For the benefit of the parties and the trial court, we direct their attention to *G & MSS Trucking v. Rich*, 224 Ga. App. 130 (1) (479 SE2d 761) (1996), as instructive on this issue.