BEVERLY H. PATEL, Plaintiff v. JEFFREY A. STONE and JOE D. GLASS & SONS, Defendants

No. COA99-1018

(Filed 5 July 2000)

**Insurance— automobile—uninsured motorist coverage**

Although plaintiff's automobile insurance policy issued by Farm Bureau included an uninsured motorist coverage with policy limits of $50,000 per injured person and plaintiff only received $32,500 in an arbitration with Farm Bureau, the trial court erred in dismissing plaintiff's claim for damages arising out of an automobile accident against defendants who were insured by an insolvent carrier in South Carolina, on the basis that plaintiff failed to exhaust her uninsured motorists rights within the meaning of S.C. Code Ann. § 38-31-100.1 under the provisions of her policy with Farm Bureau, because: (1) plaintiff had no legal entitlement to the full $50,000 coverage with Farm Bureau, as her entitlement depended on a variety of factors involving liability and damages; (2) plaintiff pursued her claim in a legally sanctioned manner by submitting her claim to arbitration as the Farm Bureau policy permitted; and (3) the South Carolina statute's language reveals the intent to limit the offset to the amount the claimant actually recovers, and not the amount potentially payable under the policy.

Appeal by plaintiff from order dated 9 June 1999 by Judge William H. Helms in Stanly County Superior Court. Heard in the Court of Appeals 6 June 2000.

*Crews & Klein, P.C., by Paul I. Klein and Katherine Freeman, for plaintiff-appellant.*

*Lawrence M. Baker, for defendant-appellees.*

GREENE, Judge.

Beverly H. Patel (Plaintiff) appeals the trial court's order dismissing her complaint against Jeffrey A. Stone (Stone) and Joe D. Glass & Sons (Glass & Sons) (collectively, Defendants).

The record reveals that on 8 March 1991, Plaintiff was involved in an automobile accident in Stanley County, North Carolina with a tractor trailer driven by Stone and owned by Glass & Sons. Plaintiff com-

menced a civil suit in 1994 against Defendants alleging Stone negligently operated the tractor trailer as an agent of Glass & Sons.

At the time of the accident, Defendants were insured by United Southern Assurance Company (USAC). Subsequent to the accident, USAC was declared insolvent by a court order entered in Leon County, Florida.[1] Glass & Sons, as a South Carolina resident, came under the protection of the South Carolina Guaranty Association (the Guaranty Association), which became Defendants' insurer, in lieu of USAC.[2]

At the time of the accident, Plaintiff was insured by an automobile insurance policy issued by North Carolina Farm Bureau Mutual Insurance Company (Farm Bureau), which included an uninsured motorist coverage with policy limits of $50,000.00 per injured person. The Farm Bureau policy also contained an arbitration provision providing that uninsured motorists claims covered by Farm Bureau were permitted to be arbitrated.

While this action remained pending, Plaintiff proceeded with the arbitration with Farm Bureau, and an arbitration award in the amount of $32,500.00 in favor of Plaintiff was entered on 1 June 1998. In March of 1999, the Guaranty Association filed a motion to dismiss Plaintiff's claim against Defendants on the basis Plaintiff failed to "exhaust other policy limits as required by South Carolina Statute § 38-31-100." The trial court allowed the motion, and in so doing, concluded that "[b]ecause any claim or action arising out of the accident referenced in the complaint of this matter has been resolved by the arbitration, [D]efendants are entitled to dismissal of this action."

---

The dispositive issue is whether Plaintiff had exhausted her uninsured motorists rights, within the meaning of section 38-31-100(1) of the Code of Laws of South Carolina, under the provisions of her policy with Farm Bureau.

Under the relevant South Carolina statute, any person having a claim against a South Carolina resident, whose liability insurer subsequently becomes insolvent, "is required," before she is entitled to recover from the Guaranty Association, "to exhaust first [her] right

---

1. The record does not contain a copy of the Leon County, Florida court order, but the order of the trial court in this case references the Florida order, and the parties do not dispute its entry.

2. See S.C. Code Ann. § 38-31-60 (West Supp. 1999).

under [any other insurance] policy." S.C. Code Ann. § 38-31-100(1) (West Supp. 1999).[3] "Any amount payable" to the claimant by the Guaranty Association "must be reduced by the amount of any recovery" claimant receives from any solvent insurer covering the same occurrence. *Id.*

Although we are required to defer to the South Carolina courts' construction of section 38-31-100, 2 Norman J. Singer, *Sutherland Statutes and Statutory Construction* § 37.03, at 119 (5th ed. 1993), our research failed to reveal any opinions from that state construing the portion of the statute at issue in this case. We, therefore, construe the statute utilizing the rules of statutory construction used by the South Carolina courts. *Id.* § 37.05, at 124.

The primary function of the courts in construing statutes is to ascertain the legislative intent. *Bankers Trust of South Carolina v. Bruce,* 267 S.E.2d 424, 425 (S.C. 1980). Words in the statute must be taken in their plain and ordinary meaning unless there is something in the statute requiring a different interpretation. *Hughes v. Edwards,* 220 S.E.2d 231, 234 (S.C. 1975).

In this case, the plain meaning of the statute requires a claimant insured by an insolvent insurer, prior to perfecting the claim against the Guaranty Association (who assumes the liability of the insolvent insurer), to "exhaust" her "right" under any other insurance policy that provides coverage for the claim at issue.

Defendants argue this language requires Plaintiff to exhaust her Farm Bureau insurance policy limits. Because Plaintiff did not receive an award of $50,000.00, she has not exhausted her right under that policy. We disagree.

Plaintiff's obligation is to "exhaust" or consume entirely her "right" in the Farm Bureau policy. A "right" is defined to be something one is "legally entitled" to receive. *See New Webster's Dictionary and Thesaurus of the English Language* 856 (1992). Plaintiff had no legal entitlement to the full $50,000.00 coverage with Farm Bureau, as her entitlement depended on a variety of factors involving liability (negligence, contributory negligence, etc.) and damages (the extent of her injuries, etc.). In submitting her claim to arbitration, as the Farm

3. We note our legislature has provided, under the "Insurance Guaranty Association Act," N.C.G.S. ch. 58, art. 48 (1999), for the creation of the North Carolina Insurance Guaranty Association, and the provisions of N.C. Gen. Stat. § 58-48-55(a) contain almost identical language to the provisions of the South Carolina statute at issue in this case.

Bureau policy permitted, Plaintiff pursued her claim in a legally sanctioned manner, and thus, exhausted her "right" under the Farm Bureau policy as required by section 38-31-100.

This conclusion is further supported by the second sentence of the challenged statute, which provides that "[a]ny amount payable on a covered claim under this chapter must be reduced by the amount of any *recovery* under that insurance policy." S.C. Code Ann. § 38-31-100(1) (emphasis added). By including this second sentence in the statute, the South Carolina legislature evidenced its intent to limit the offset to the amount the claimant actually recovers, and not the amount potentially payable under the policy. *See Alabama Insurance Guaranty Association v. Colonial Freight Systems, Inc.,* 537 So.2d 475, 476 (Ala. 1988).

The trial court, therefore, erred in dismissing Plaintiff's claim against Defendants.[4]

Reversed and remanded.

Judges HORTON and HUNTER concur.

---

4. There is a second and more fundamental reason why the dismissal of the action against Defendants was error. The claim in this action is not against the Guaranty Association, and the failure of Plaintiff to exhaust her right under the Farm Bureau policy can only be a defense to a subsequent action against the Guaranty Association. The failure to comply with section 38-31-100(1) is not a defense to an action against the tortfeasors. *See Grigsby v. White,* 492 S.E.2d 603, 604 (Ga. App. 1997) (reversing dismissal of claim against tortfeasor where plaintiffs had allegedly failed to exhaust their right against their uninsured policy when tortfeasor was insured by an insolvent carrier, because the issue was "not yet ripe since a judgment ha[d] not been rendered against" the tortfeasor).