## 30745. VAUGHN v. COLLUM et al.

INGRAM, Justice.

Certiorari was granted in this case to review the decision of the Court of Appeals in *Vaughn v. Collum,* 136 Ga. App. 677 (222 SE2d 37) (1975). The issue to be decided is whether service of this tort complaint against the uninsured motorist carrier is governed by the applicable limitation period for a tort action or the limitation period for a contract action.

The majority of the Court of Appeals held that the applicable limitation period for a tort action applies while the dissent thought that "if any statute of limitation should be allowed, it would be that of six years as for actions on the contract."

We affirm the majority decision of the Court of Appeals. While the eventual liability of the uninsured motorist carrier depends upon its contract of insurance, the issues to be adjudicated in this tort suit are quite different from an action on the policy itself. If there is no tort liability, there is no responsibility to pay the tort judgment as provided by the contract. Thus, the uninsured motorist carrier has the same interest in investigating and defending the tort claim as does any defendant in a tort case. This court recently held in *Wilkinson v. Vigilant Ins. Co.,* 236 Ga. 456 (1976), that an uninsured motorist carrier could not escape liability under its contract because of the bankruptcy of the uninsured motorist. In reaching this decision, we noted in an opinion written by Chief Justice Nichols that "the insurance company is the real party in interest and not the uninsured motorist."

Since this is a tort case in which the uninsured motorist carrier is an interested party, we are of the opinion that it should have been served within the time allowed by law for valid service upon the defendant in the

case. See Code Ann. § 56-407.1 (d), and *Houston v. Doe,* 136 Ga. App. 583 (222 SE2d 131) (1975).

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 8, 1976 — DECIDED APRIL 6, 1976.

*Richard L. Powell,* for appellant.

*William Morgan Akin, Warren Akin, Charles Crawford,* for appellees.