74136. WILLIAMS v. THOMAS.
(357 SE2d 872)

BENHAM, Judge.

Appellant was injured in an automobile collision on November 17, 1983. He filed suit against the other driver, Thomas, on October 25, 1985, and perfected service on Thomas by publication. By means of a second original summons, appellant caused service to be made on his uninsured motorist carrier, appellee Fireman's Fund Insurance Company of Georgia, on December 18, 1985, more than a month after the expiration of the two-year period of limitation. Fireman's Fund answered in its own name and filed a motion for summary judgment on the grounds of statute of limitation and laches. This appeal is from the order granting that motion.

1. Appellee's motion to dismiss this appeal as premature because the order did not include the finality language of OCGA § 9-11-54 (b) is without merit. OCGA § 9-11-56 (h) gives a losing party the right to a direct appeal from an order granting summary judgment on any issue or as to any party even though the judgment is not final under OCGA § 5-6-34 or § 9-11-54 (b). *Culwell v. Lomas & Nettleton Co.*,

242 Ga. 242 (248 SE2d 641) (1978).

2. In his two enumerations of error, appellant complains that the trial court erred in finding no issue of fact regarding appellee's receipt of notice of a potential claim and in finding no issue of fact regarding harm or prejudice to appellee. However, the issue here is neither notice nor harm, but timeliness of service. In *Vaughn v. Collum*, 236 Ga. 582 (224 SE2d 416) (1976), the Supreme Court held that an uninsured motorist carrier is entitled to service within the time allowed for service on the defendant in the tort action. This court has since applied that holding to affirm summary judgments granted to insurers on whom service was not made within the period of limitation. See, e.g., *Harris v. Allstate Ins. Co.*, 179 Ga. App. 343 (347 SE2d 368) (1986); *Kemp v. Cotton States Mut. Ins. Co.*, 177 Ga. App. 460 (340 SE2d 26) (1986). It being undisputed that service on appellee was untimely, the grant of summary judgment to appellee was correct.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED MAY 22, 1987.

*Irwin M. Ellerin*, for appellant.
*Terence A. Martin*, for appellee.