77453. JOHNSON v. SHIELD INSURANCE COMPANY.
(375 SE2d 510)

BANKE, Presiding Judge.

The appellant sued to recover for injuries sustained in an automobile accident. She subsequently caused the appellee, Shield Insurance Company, to be served with a second original of the complaint and summons on the theory that it was liable to her as her uninsured motorist insurance carrier. Shield sought and obtained summary judgment on the ground that such service had not been effected within the two-year limitation period applicable to the action. See generally OCGA § 9-3-33. This appeal followed. *Held*:

"In *Vaughn v. Collum*, 236 Ga. 582 (224 SE2d 416) (1976), the Supreme Court held that an uninsured motorist carrier is entitled to service within the time allowed for service on the defendant in the tort action. This court has since applied that holding to affirm summary judgments granted to insurers on whom service was not made within the period of limitation. (Cits.)." *Williams v. Thomas*, 183 Ga. App. 51, 52 (357 SE2d 872) (1987).

"Where service is made after the expiration of the applicable statute of limitation, the timely filing of the complaint tolls the statute only if 'the plaintiff (shows) that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible.' " *Forsyth v. Brazil*, 169 Ga. App. 438 (313 SE2d 138) (1984), quoting from *Childs v. Catlin*, 134 Ga. App. 778, 781 (216 SE2d 360) (1975). See also *Ingram v. Grose*, 180 Ga. App. 647 (350 SE2d 289) (1986); *Freemon v. Dubroca*, 177 Ga. App. 745 (341 SE2d 276) (1986).

Although the appellant both filed the present action and obtained service on the alleged tortfeasor within the applicable limitation period, she did not request issuance of the second original until more than six weeks after the expiration of the limitation period. In

her brief on appeal, she maintains that this delay was excusable because the appellee received a copy of the complaint almost immediately after it was filed, and its agents misled her to believe that service of that copy would be acknowledged accordingly. However, the record contains no evidence to support these assertions.

"We cannot consider facts, related by briefs, which do not appear in the record sent up from the clerk of the lower court." *Garrison v. Dept. of Human Resources*, 184 Ga. App. 449 (361 SE2d 860) (1987). Based upon the record before us, we hold that the trial court did not err in ruling that the appellee was entitled to summary judgment on the basis of its statute of limitation defense.

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED NOVEMBER 18, 1988.

*Douglas R. Daum*, for appellant.
*William P. Tinkler, Jr.*, for appellee.