46498. BOHANNON et al. v. J. C. PENNEY CASUALTY
INSURANCE COMPANY et al.
(377 SE2d 853)

CLARKE, Presiding Justice.

In 1985, Katherine Wilson was driving and Suzanne Bohannon was a passenger when they were hit by a truck. They filed suits against the truck driver and his employer. In 1987, it was determined that the employer was not liable because the truck driver was not

acting within the scope of his employment. See *Aubrey Silvey Enterprises v. Bohannon*, 182 Ga. App. 738 (356 SE2d 693) (1987). Wilson and Bohannon then sought to recover under their uninsured motorist coverage. The trial court granted summary judgment motions in favor of the insurance companies because service of process was not accomplished within the two-year statute of limitation period. The Court of Appeals affirmed in part and reversed in part. See *Bohannon v. Futrell*, 189 Ga. App. 340 (375 SE2d 637) (1988). We affirm.

In this appeal Bohannon and Wilson argue that the truck driver was not an uninsured motorist within the meaning of OCGA § 33-7-11 (b) (1) (D) (iii) until the Court of Appeals eventually held that he was not within the scope of his employment and was not covered under his employer's policy. They assert that the statute of limitation on the claim under the uninsured motorist act should run from the date that it is legally determined that the negligent motorist is uninsured. This argument is an engaging one. However, we have previously held that the uninsured motorist carrier must be served within the time allowed for valid service on the defendant in the tort action. *Vaughn v. Collum*, 236 Ga. 582 (224 SE2d 416) (1976). It would be possible to formulate an exception for cases where the negligent motorist's insurance carrier defends the suit and it is later determined that coverage does not apply. Such a rule might allow a plaintiff to serve process within a reasonable time after it is legally determined that the negligent motorist is uninsured. But, fashioning such a rule is a task that is better left to the legislature. We therefore affirm the decision of the Court of Appeals.

*Judgment affirmed. All the Justices concur, except Smith and Weltner, JJ., who dissent, and Bell, J., who concurs in the judgment only.*

WELTNER, Justice, dissenting.

1. I agree with the majority that it is essential that uninsured motorist carriers be given reasonable notice of claims of policyholders arising out of the negligence of uninsured or underinsured motorists. I agree also that no carrier should have to pay such a claim without having a full and fair opportunity to contest its validity.

2. I disagree, however, that the General Assembly is the only source of relief for a policyholder who learns only *after* the expiration of the appropriate period of limitation that a tortfeasor is, or may be, an uninsured motorist.

3. The rule should be that a policyholder must perfect service upon the uninsured motorist carrier as soon as reasonably possible *after* becoming aware, by whatever means, that there is a substantive doubt as to the existence of adequate insurance coverage of an event that might become the subject of an uninsured motorist claim.

(a) Such a rule would protect all parties concerned, as issues similar to that involved in this case (i.e., that of agency) arise early in litigation, and would provide adequate notice to the carrier well in advance of any money judgment against one later determined to be "uninsured."

(b) Such a rule would obviate what is now judicially recognized as the responsibility of all plaintiffs to serve their uninsured motorist carriers in *every* action arising out of *every* motor vehicle incident. It would avoid, as well, the necessity that carriers review and monitor thousands of lawsuits in which there will never be any question of uninsured motorist coverage.

(c) Such a rule would .continue to place the risk of injury by an uninsured motorist exactly where the policyholder (by the payment of a premium) and the carrier (by the issuance of a policy of insurance) have contracted for it to be — that is, on the carrier.

I am authorized to state that Justice Smith joins in this dissent.

### DECIDED APRIL 6, 1989.

*Jack F. Witcher, John E. Gilchrist*, for appellants.

*Johnson, Beckham & Price, J. Eugene Beckham, Rogers, Magruder, Hoyt, Sumner & Brinson, J. Clinton Sumner, Jr., Sidney P. Wright, Tisinger, Tisinger, Vance & Greer, David H. Tisinger, Downey, Cleveland & Parker, Robert H. Cleveland, Dickens & Irwin, Jeffrey S. Gilbert, Murphy & Garner, Michael L. Murphy, Mundy & Gammage, E. Lamar Gammage, Jr.*, for appellees.