A89A1089. STATE AUTO INSURANCE COMPANY
v. REESE et al.
(383 SE2d 157)

DEEN, Presiding Judge.

On February 12, 1986, Gallaher was involved in an automobile collision with a vehicle driven by Reese, who was uninsured. Reese sued Gallaher, who counterclaimed. State Auto Insurance Company (State Auto) insured Gallaher and represented her in defending against Reese's claim, and was placed in the position of having also to represent Reese in defending against Gallaher's counterclaim, when Gallaher had State Auto served as an uninsured motorist carrier. State Auto filed this declaratory judgment action and a *motion for summary judgment* on the basis that the uninsured motorist claim was barred by the applicable two-year statute of limitations. The trial court denied that motion, entered judgment against State Auto on the declaratory judgment petition, and awarded Gallaher $1,200 attorney

fees pursuant to OCGA § 9-15-14. This appeal followed. *Held*:

1. It was undisputed that although State Auto obviously was aware of the litigation between Reese and Gallaher, it was not served as an uninsured motorist until May 5, 1988, more than two years from the date of the collision. Under OCGA § 33-7-11 (d), when a party asserts an uninsured motorist claim, "a copy of the action and all pleadings thereto shall be served as prescribed by law upon the insurance company issuing the policy as though the insurance company were actually named as a party defendant . . . In any case arising under this Code section where service upon an insurance company is prescribed, the clerk of the court in which the action is brought shall have same accomplished by issuing a duplicate original copy for the sheriff or marshal to place his return of service in the same form and manner as prescribed by law for a party defendant."

At the hearing on the motion for summary judgment the trial court suggested that State Auto's having been provided notice of the action against Gallaher sufficed to put it on notice of Gallaher's subsequent uninsured motorist claim. The trial court and counsel for appellant expressed their positions in the following exchange: Appellant: "I don't think that that complies with the statute. . . . Whether or not the claim is being postured by the defendant in counterclaim, I think it's still the same thing [;] a duck is a duck is a duck." Court: "I know but once the duck quacks, doesn't it quack[?]" Appellant: "Only if it quacks the way the statute says its supposed to quack, and that's been notice as that requires that the clerk of court issue a duplicate original and have that served by sheriff or marshal."

"[T]he issue here is neither notice nor harm, but timeliness of service. In *Vaughn v. Collum*, 236 Ga. 582 (224 SE2d 416) (1976), the Supreme Court held that an uninsured motorist carrier is entitled to service within the time allowed for service on the defendant in the tort action. This court has since applied that holding to affirm summary judgments granted to insurers on whom service was not made within the period of limitation. [Cit.]" *Williams v. Thomas*, 183 Ga. App. 51, 52 (357 SE2d 872) (1987); *Johnson v. Shield Ins. Co.*, 189 Ga. App. 333 (375 SE2d 510) (1988). It is clear that State Auto was served neither timely nor in the manner required under the statute. Accordingly, State Auto was entitled to summary judgment. *Bohannon v. J. C. Penney Cas. Ins. Co.*, 259 Ga. 162 (377 SE2d 853) (1989).

The relation back provisions of OCGA § 9-11-15 (c) do not apply to situations involving service of an uninsured motorist carrier, if for no other reason than simply because such service does not necessarily result in the insurer becoming a party to the action. OCGA § 33-7-11 (d). But see *Bohannon v. Futrell*, 189 Ga. App. 340 (2) (375 SE2d 637) (1988). Nevertheless, even if OCGA § 9-11-15 (c) were applicable, no leave of court was ever obtained to add the uninsured motorist

carrier, and the "amendment" would thus be improper. See *Horne v. Carswell*, 167 Ga. App. 229 (306 SE2d 94) (1983).

2. In light of the holding in Division 1, it necessarily follows that the trial court erred in awarding the appellee attorney fees pursuant to OCGA § 9-15-14.

*Judgment reversed. Birdsong and Benham, JJ., concur.*

DECIDED MAY 23, 1989 —
REHEARING DENIED JUNE 6, 1989 — 

*Alembik, Fine & Callner, G. Michael Banick, Mark E. Bergeson,* for appellant.

*Novy & Jaymes, Eugene Novy, R. Craig Henderson, Savell & Williams, Elmer L. Nash, Notte & Bianco, Theodore P. Bianco,* for appellees.