A89A1764. SOUTHERN GUARANTY INSURANCE COMPANY
v. COOK et al.
(391 SE2d 452)

COOPER, Judge.

This appeal follows our grant of appellant's application for interlocutory review of the trial court's denial of appellant's motion for partial summary judgment.

On November 11, 1988, appellee Cook filed suit against appellee Taylor, an uninsured, non-resident motorist, for injuries she allegedly sustained in a vehicular collision on November 15, 1986. Upon filing the complaint, appellee Cook sent a copy of the complaint marked "Second Original" to the DeKalb County Sheriff who, on November 15, 1988, served appellant, the insurer of the automobile which appellee Cook was operating at the time of the collision. After appellant asserted in its answer that appellee had failed to perfect service of process within the statute of limitation, appellee sent another copy of the complaint, this one marked "Duplicate Original," which was served upon appellant on January 3, 1989. Appellant subsequently amended its answer to acknowledge it had been served with a duplicate original on January 3, 1989, but then moved for summary judgment on the ground that it had not been served with a duplicate original within the statute of limitation. The trial court, finding that the complaint served on appellant on November 15, 1988, was a duplicate original and was timely served, denied appellant's motion.

1. OCGA § 33-7-11 (d) provides that "[i]n any case arising under this Code section where service upon an insurance company is prescribed, *the clerk of the court* in which the action is brought *shall have same accomplished by issuing a duplicate original copy* for the sheriff or marshal to place his return of service in the same form and manner as prescribed by law for a party defendant." (Emphasis sup-

plied.) Appellant first contends that the complaint served on November 15, 1988, was not a duplicate original within the meaning of the statute. Appellant argues that to constitute a duplicate original, the document must have an original signature, therefore neither the document served on November 15, 1988, nor the document served on January 3, 1989, was a duplicate original. We disagree. Although the statute requires service on the uninsured motorist carrier ("UMC") by duplicate original copy, compliance does not make the UMC a party to the lawsuit. The service requirement is a statutory prerequisite to collecting uninsured motorist benefits. "Because the UMC may be liable for the amount which a plaintiff/insured 'shall be legally entitled to recover' from an uninsured motorist/tortfeasor, and because a tortfeasor may become 'uninsured' subsequent to the injury-causing collision, the UMC is entitled to statutory notice of the existence of a lawsuit in which it ultimately may be held financially responsible." *Bohannon v. Futrell*, 189 Ga. App. 340 (1) (375 SE2d 637) (1988). Since the purpose of the statute is to give notice to the insurer of its potential financial responsibility, the purpose was met in this case by the service of the copy on November 15, 1988, and we find no purpose served by holding, as appellant argues, that to constitute a duplicate original copy there must be an original signature. Furthermore, the statute requires that the clerk of court issue the duplicate original copy. The document served on appellant was a copy of the original complaint, on which the clerk wrote the case number and attached an original summons dated November 11, 1988. We find that the clerk's filing of the original complaint and assigning a case number to it simultaneously with stamping and assigning the same number to the duplicate copy was in compliance with OCGA § 33-7-11 (d). Accordingly, the trial court did not err in finding that the document served on appellant on November 15, 1988, was a duplicate original.

2. Appellant's second enumeration of error is that the trial court erred in finding that the complaint was timely filed and served. The complaint was filed within the applicable two-year statute of limitation, and service was perfected within five days. OCGA § 9-11-4 (c). Therefore, we find no error with the trial court's finding that filing and service were timely. For the foregoing reasons, we find it unnecessary to address appellant's contention that the complaint served on appellant on January 3, 1989, was untimely.

3. Inasmuch as the record reflects that appellee complied with OCGA § 33-7-11 (d) within the two-year limitation period for personal injury, the trial court properly denied appellant's motion for summary judgment. See *Bohannon v. Futrell*, supra.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

Decided February 22, 1990.

*Wetzel, Shaw & Quinn, Michael L. Wetzel,* for appellant.
*William T. Elsey, Velma C. Tilley,* for appellees.