A90A1946. CLARK v. SAFEWAY INSURANCE COMPANY.
(401 SE2d 72)

SOGNIER, Chief Judge.

On August 19, 1988, Luvenia Clark filed suit against Randy Baker to recover damages for injuries allegedly arising from an automobile collision that occurred on August 23, 1986. The DeKalb County Marshal was unable to perfect service on Baker because he no longer resided at the address designated on the summons. On November 14, 1989, service was perfected on Safeway Insurance Company, Clark's uninsured motorist carrier (the "UMC"). The trial court granted Safeway's motion to dismiss because of Clark's failure to perfect service within the statute of limitation, and Clark filed this appeal.

1. We affirm. In *Vaughn v. Collum*, 236 Ga. 582 (224 SE2d 416) (1976), the Supreme Court held that a UMC must be served within the time required by law for service on the defendant in the tort action. This court has applied that holding to affirm the dismissal of the UMC for failure to be served within the applicable limitation period. *Bohannon v. Futrell*, 189 Ga. App. 340, 341 (375 SE2d 637) (1988). " 'Where service is made after the expiration of the applicable statute of limitation, the timely filing of the complaint tolls the statute only if "the plaintiff (shows) that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible." ' [Cits.]" *Johnson v. Shield Ins. Co.*, 189 Ga. App. 333 (375 SE2d 510) (1988). Here, appellant has made no showing that the 15-month delay in perfecting service on appellee was excusable. See id. at 333-334. Further, her argument that the time for service on the UMC should not begin to run until the date it is legally determined that the tortfeasor did not 'have sufficient insurance coverage was rejected by this court in *Bohannon*, supra at 341-342, and the Supreme Court affirmed that holding in *Bohannon v. J. C. Penney Cas. Ins. Co.*, 259 Ga. 162, 163 (377 SE2d 853) (1989).

2. Appellee's motion for damages for frivolous appeal is denied.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED JANUARY 7, 1991.

*Repasky & Bates, Alexander J. Repasky, Fred R. White*, for appellant.

*Crim & Bassler, Thomas S. Bechtel*, for appellee.