## A91A0199. WILLIAMS v. COLONIAL INSURANCE COMPANY OF CALIFORNIA.
### (406 SE2d 99)

BANKE, Presiding Judge.

The appellant filed this action seeking to recover for personal injuries he had allegedly sustained in an automobile accident which occurred on February 18, 1988. The complaint was filed on Monday, February 19, 1990, the last day of the two-year limitation period applicable to such actions. See generally OCGA §§ 9-3-33; 1-3-1 (d) (3). The named defendant was served with the complaint on February 23, 1990; and on February 26, 1990, the appellee herein was served with a duplicate original in its capacity as the appellant's uninsured motorist carrier. The appellee moved for summary judgment on the ground that service had not been effected within the two-year limitation period, and the case is before us on appeal from the trial court's grant of that motion. *Held*:

" ' "In this State the filing of the petition in the clerk's office will be considered as the commencement of the suit, if service is perfected as required by law. . . . Filing followed by service creates a pending suit from the date of filing." ' [Cit.] 'Service is required to be made within 5 days (although not invalid where made later). [OCGA § 9-11-4 (c)] . . . Where the statute of limitation accrues between the date of filing and the date of service, whether or not it relates back (*if the service is more than five days after the filing*) depends on the length of time and the diligence used by the plaintiff.' [Cits.]" (Emphasis supplied.) *Scoggins v. State Farm &c. Ins. Co.*, 156 Ga. App. 408, 409-410 (274 SE2d 775) (1980). This rule has previously been applied by this court with respect to service against uninsured motorist carriers. See *Johnson v. Shield Ins. Co.*, 189 Ga. App. 333 (375 SE2d 510) (1988).

It is apparent without dispute in the present case that the appellee insurer was served within five business days after the date of filing of the complaint, in accordance with OCGA §§ 9-11-4 (c) and 9-11-6 (a). (The latter Code section provides that "[i]n computing any period of time prescribed or allowed by [The Civil Practice Act] the computation rules prescribed in paragraph (3) of subsection (d) of Code Section 1-3-1 shall be used"; and OCGA § 1-3-1 (d) (3) in turn specifies that where the period of time prescribed or allowed for an action is less than seven days, "intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.") It follows that the service against the appellee related back to the date of filing as a matter of law. Accord *Southern Guaranty Ins. Co. v. Cook*, 194 Ga. App. 613, 614 (2) (391 SE2d 452) (1990).

In reaching a contrary conclusion, the lower court relied on *Vaughn v. Collum*, 236 Ga. 582 (224 SE2d 416) (1976), and *State*

*Auto Ins. Co. v. Reese*, 191 Ga. App. 818 (383 SE2d 157) (1989), evidently being persuaded by the following language appearing in *Reese* that the general rules regarding the relation back of service have no applicability to uninsured motorist carriers: " 'In *Vaughn v. Collum*, [supra], the Supreme Court held that an uninsured motorist carrier is entitled to service within the time allowed for service on the defendant in the tort action. This court has since applied that holding to affirm summary judgments granted to insurers on whom service was not made within the period of limitation. (Cit.)' [Cits.]" *State Auto Ins. Co. v. Reese*, supra, 191 Ga. App. at 819, quoting from *Williams v. Thomas*, 183 Ga. App. 51, 52 (357 SE2d 872) (1989). However, neither in *Reese* nor in any of the cases cited therein, including *Williams v. Thomas*, supra, had the uninsured motorist carrier been served within five days of the filing of the complaint. Being aware of no authority for the proposition that tort actions involving uninsured motorist carriers constitute a special class of cases in which service never relates back to the date of filing for statute of limitation purposes, we hold that the trial court erred in granting summary judgment to the appellee in the present case.

*Judgment reversed. Carley and Beasley, JJ., concur.*

DECIDED MAY 3, 1991 —
REHEARING DENIED MAY 28, 1991.

*B. T. Edmonds, Jr.*, for appellant.
*Alexander & Vann, William C. Sanders*, for appellee.