S97G0257. UNITED STATES FIDELITY & GUARANTY
COMPANY v. REID.
(491 SE2d 50)

CARLEY, Justice.

In order to recover damages allegedly sustained in an automobile collision in December 1991, Karen Reid filed suit in February 1993 against Spencer Lee Parker and Bobby Parker, who were insured by State Casualty Insurance Company. State Casualty was declared insolvent in January 1994. In March 1995, Ms. Reid served her uninsured motorist carrier (UMC), United States Fidelity & Guaranty Company (USF&G). Ms. Reid then voluntarily dismissed that suit and refiled the present renewal action within the six-month period contemplated by OCGA § 9-2-61. In the renewal action, USF&G moved for summary judgment, contending that the original suit was void as to it because the applicable two-year statute of limitation had expired before it was served or identified for service and, therefore, the renewal action was improper. The trial court granted summary judgment in favor of USF&G. The Court of Appeals reversed, concluding that the underlying action was merely voidable as to USF&G, not void. *Reid v. U. S. Fidelity &c. Co.*, 223 Ga. App. 204, 205 (1) (477 SE2d 369) (1996). We granted certiorari to consider whether a suit in which a UMC is served after the running of the statute of limitation is subject to dismissal and renewal under OCGA § 9-2-61. Because we hold that a UMC may be served after the running of the statute of limitation in a valid renewal action, we affirm the judgment of the Court of Appeals.

" 'The "privilege" of dismissal and renewal does not apply to cases decided on their merits or to void cases, but does allow renewal if the previous action was merely voidable.' [Cit.]" *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994). The issue is not whether the previous suit was void or merely voidable *as to each entity* served in the renewal suit. Instead, the issue is whether the previous suit itself was or was not "wholly void." *Cutliffe v. Pryse*, 187 Ga. 51, 54 (1) (200 SE 124) (1938); *United States Cas. Co. v. American Oil Co.*, 104 Ga. App. 209, 212 (1) (121 SE2d 328) (1961). Reid's previous suit clearly

was not "wholly void," since service in that case was perfected and the trial court did not enter an order of dismissal. *Hobbs v. Arthur*, supra.

Although the previous suit was not wholly void and could, therefore, be renewed, a renewal action would be valid only if it was "substantially the same both as to the cause of action and *as to the essential parties.* [Cits.]" (Emphasis supplied.) *Sheldon & Co. v. Emory Univ.*, 184 Ga. 440 (1) (191 SE 497) (1937); *Patterson v. Rosser Fabrap Intl.*, 190 Ga. App. 657, 658 (379 SE2d 787) (1989).

> The rule requiring substantial identity of essential parties has been held not to be violated: where a party in the later case is the successor trustee, or other representative, of an original party who occupied the same position as plaintiff or defendant; or where the first suit was dismissed for nonjoinder of one of the representatives of the estate, who is added as a party to the second suit; . . . or where the difference is merely as to nominal or unnecessary parties. [Cits.]

*Sheldon & Co. v. Emory Univ.*, supra at 440 (1). See also *Patterson v. Rosser Fabrap Intl.*, supra. Indeed, where the original defendant dies, the plaintiff may voluntarily dismiss and renew the suit against the deceased's administrator, even though the plaintiff *could* have substituted the deceased's administrator as a party prior to the dismissal, but did not do so. *Wofford v. Central Mut. Ins. Co.*, 242 Ga. 338 (249 SE2d 21) (1978). Similarly, although USF&G was a *potential* defendant in the previous proceeding, it never actually became a party to that case. Furthermore, Reid could not have forced USF&G to become a party to the previous suit, and USF&G is not a party, and cannot be forced to become a party, to the renewal suit. OCGA § 33-7-11 (d). Therefore, this case is distinguishable from those renewal actions "in which two distinct parties are named as defendants." *Heyde v. Xtraman, Inc.*, 199 Ga. App. 303, 305 (1) (404 SE2d 607) (1991). Thus, the previous suit and this renewal suit do have the requisite "substantial identity of essential parties," and the renewal suit is, therefore, valid.

Not only is USF&G not a party to this renewal action, the requirement of service on USF&G or any UMC is entirely dependent upon the existence of a valid action against the owner or operator of any vehicle causing injury or damages. OCGA § 33-7-11 (d). Thus, this Court has consistently held that the UMC "must be served within the time allowed for *valid service on the defendant in the tort action.* [Cit.]" (Emphasis supplied.) *Bohannon v. J. C. Penney Cas. Ins. Co.*, 259 Ga. 162, 163 (377 SE2d 853) (1989); *Vaughn v. Collum*, 236 Ga. 582 (224 SE2d 416) (1976). As indicated in *Ga. Farm Bureau*

*Mut. Ins. Co. v. Kilgore,* 265 Ga. 836, 838 (462 SE2d 713) (1995), a plaintiff can wait to serve a UMC until he files a valid renewal suit after the running of the statute of limitation. In this valid renewal action, the Parkers were timely served, USF&G was served within the time allowed for service on the Parkers, and such service on USF&G was valid.

Moreover, it should be noted that even if a tort plaintiff does not dismiss the original suit and refile under the renewal statute, service on the UMC after expiration of the statute of limitation is not invalid *as a matter of law.* The pivotal case of *Bohannon v. J. C. Penney Cas. Ins. Co.,* supra, does not bar recovery under uninsured motorist coverage in *every* case where the plaintiff does not serve the UMC within the statute of limitation. The plaintiff may be able to effectuate valid service on either the defendant or the UMC after expiration of the statute of limitation, and beyond the five-day "grace period" of OCGA § 9-11-4 (c), so long as the plaintiff has perfected service in a reasonable and diligent manner. See *Poloney v. Tambrands, Inc.,* 260 Ga. 850, 852 (2) (399 SE2d 526) (1991); *Peoples v. State Farm Auto. Ins. Co.,* 211 Ga. App. 55 (438 SE2d 167) (1993); *Williams v. Colonial Ins. Co.,* 199 Ga. App. 760 (406 SE2d 99) (1991); *Clark v. Safeway Ins. Co.,* 198 Ga. App. 282 (401 SE2d 72) (1991); *Johnson v. Shield Ins. Co.,* 189 Ga. App. 333 (375 SE2d 510) (1988).

Accordingly, we hold that the trial court erroneously granted summary judgment in favor of USF&G and that the Court of Appeals correctly reversed the judgment of the trial court.

*Judgment affirmed. Benham, C. J., Sears, Hunstein, Hines, JJ., and Judge George Nunn concur. Fletcher, P. J., concurs specially. Thompson, J., not participating.*

FLETCHER, Presiding Justice, concurring specially.

The issue in this case is whether uninsured motorist carriers (UMC) deserve special treatment not accorded other defendants in the application of rules for service and the privilege of dismissal and renewal under OCGA § 9-2-61. Because I find no justification for treating UMCs differently, I concur in the affirmance of the Court of Appeals. I write separately because the majority's opinion fails to clarify the conflict between *Bohannon v. J. C. Penney Cas. Ins. Co.*[1] and *Hobbs v. Arthur,*[2] the issue for which certiorari was granted, and instead relies upon the difficult distinction between void and voidable cases.

1. USF&G contends that because heightened service rules apply to UMCs, it may raise as a defense in the renewal action the failure

---

[1] 259 Ga. 162 (377 SE2d 853) (1989).
[2] 264 Ga. 359, 361 (444 SE2d 322) (1994).

of the plaintiff to meet these heightened rules in the original action. In its petition for certiorari, USF&G relied on *Bohannon*[3] to argue that a heightened rule for service applies to UMCs. In *Bohannon*, this Court affirmed the granting of a UMC's motion to dismiss when the plaintiff served the UMC outside the statute of limitation. The court did so without conducting any analysis of whether the plaintiff acted diligently. *Bohannon* confirmed the approach taken in several Court of Appeals opinions in which the court affirmed judgments in favor of UMCs that had not been served within the two-year statute of limitation. In none of those cases did the Court of Appeals consider the diligence of the plaintiff in perfecting service.[4]

The failure to consider diligence in cases involving UMCs contrasts with the analysis given other defendants. The courts generally apply a diligence standard to plaintiffs who timely file their complaint, but serve the defendant outside the statute of limitation in order to determine if the late service relates back to the filing of the complaint. In those cases, the rule has long been that if a trial court determines that a plaintiff did not act diligently, but was guilty of laches in perfecting service, then the trial court may exercise its discretion in finding that the service does not relate back and in dismissing the complaint.[5]

Contrary to USF&G's contentions, there is nothing in *Bohannon* that exempts UMCs from this relation-back doctrine. OCGA § 33-7-11 (d), which requires service of process on the UMC, contains no language requiring more stringent service requirements. On the contrary, the statute provides that service is to be made "as though the insurance company were actually named as a party defendant." Because a plaintiff has a "grace period" in which to serve party defendants, if the plaintiff acts with diligence, the plaintiff serving the UMC should have the same "grace period." Additionally, a UMC suffers none of the infirmities of other classes of defendants, such as

---

[3] 259 Ga. 162.

[4] *Williams v. Thomas*, 183 Ga. App. 51 (357 SE2d 872) (1987) (summary judgment to UMC affirmed where plaintiff served UMC one month after statute of limitation ran); *Harris v. Allstate Ins. Co.*, 179 Ga. App. 343 (347 SE2d 368) (1986) (affirming grant of UMC's motion to dismiss where UMC served two months after statute of limitation expired); *Kemp v. Cotton States Mut. Ins. Co.*, 177 Ga. App. 460 (340 SE2d 26) (1986) (affirming grant of summary judgment to UMC that was served nine months after statute of limitation expired). But see *Williams v. Colonial Ins. Co.*, 199 Ga. App. 760 (406 SE2d 99) (1991) (where complaint was filed on last day of statute of limitation, service on UMC within five business days relates back).

[5] See, e.g., *Morse v. Flint River Community Hosp.*, 215 Ga. App. 224 (450 SE2d 253) (1994); *Childs v. Catlin*, 134 Ga. App. 778, 782 (216 SE2d 360) (1975); *Hilton v. Maddox, Bishop, Hayton Frame & Trim Contractors*, 125 Ga. App. 423, 425 (188 SE2d 167) (1972); Richard C. Ruskell, Davis & Shulman's Georgia Practice & Procedure (1995 ed.), § 8-8.

minors and incompetents, for whom heightened service rules apply.[6] Finding nothing in the statute nor in public policy to justify special treatment for UMCs, I would hold that the same service rules apply to UMCs that the courts apply to other types of defendants.

2. Having reasoned that there is no rationale for according UMCs special treatment, the issue of whether a UMC may raise as a defense in a renewal suit the plaintiff's lack of diligence in service in the original action is easily answered. In *Hobbs*,[7] which did not involve a UMC, this Court held that a plaintiff's lack of diligence in perfecting service in the original suit is not a defense in a renewal suit. While this Court's interpretation of OCGA § 9-2-61 in *Hobbs* may result in unfairness to defendants who are called upon to defend stale claims long after the statute of limitation has run, the unfairness cuts across the spectrum of potential defendants and, as with rules for service, there is no justification for carving out a special rule for UMCs. The solution lies in a legislative reconsideration of OCGA § 9-2-61 or a judicial reconsideration of *Hobbs*. Therefore, I would hold that a plaintiff serving a UMC is entitled to the escape hatch provided in *Hobbs*.

3. Admittedly, the equal application of *Hobbs* to UMCs weakens *Bohannon* and allows a plaintiff to do indirectly what it cannot do directly. It also provides judicial relief for a situation that the *Bohannon* court said required legislative action.[8] Now there is no penalty for violating the rule set forth in *Bohannon* and a lawyer caught in a *Bohannon* trap who fails to dismiss and renew under *Hobbs* may well be facing a malpractice suit. Rather than ignore this conflict, the majority should address and resolve it after considering the competing public policy rationales.

4. I further disagree with the majority's suggestion that a plaintiff can wait to serve a UMC until he files a renewal suit. This statement in *Ga. Farm Bureau Mut. Ins. Co. v. Kilgore*[9] must be taken in the context of that case. There the plaintiff had the opportunity to dismiss and file a renewal suit *before* the statute of limitation expired. If the plaintiff fails to serve the UMC in the original action and files a renewal suit after the running of the statute of limitation, then, as long as *Bohannon* has any vitality, the UMC would have the benefit of the bar of the statute of limitation.[10]

---

[6] See OCGA § 9-11-4 (d) (3), (4); *Brooks v. Young*, 220 Ga. App. 47 (467 SE2d 230) (1996) (applying special rules for service on minors).

[7] 264 Ga. 359.

[8] 259 Ga. at 163.

[9] 265 Ga. 836, 838 (462 SE2d 713) (1995).

[10] See *Stout v. Cincinnati Ins. Co.*, 226 Ga. App. 220 (486 SE2d 195) (1997).

DECIDED OCTOBER 6, 1997.

*Martin, Snow, Grant & Napier, William H. Larsen, Thomas P. Allen III,* for appellant.
*Charles M. Cork III,* for appellee.