A00A0031. ALLSTATE INSURANCE COMPANY v. BALDWIN et al.

(536 SE2d 558)

JOHNSON, Chief Judge.

Allstate Insurance Company filed this interlocutory appeal from the trial court's order granting Rufus Baldwin's motion to add a defendant to a renewal action and denying Allstate's motion for summary judgment. Because no valid renewal action was filed, the trial court erred in allowing the plaintiff to add a defendant to the purported action after the six-month renewal period expired. Therefore, we reverse the trial court's order.

On July 8, 1992, while driving his pickup truck, Baldwin was involved in a collision with a car being driven by Wendy Wisenbaker. In February 1994, Baldwin sued Wisenbaker for injuries he allegedly sustained in the collision. At sometime during 1994, Wisenbaker's insurance carrier, State Casualty Insurance Company, became insolvent. Baldwin's uninsured motorist insurance carrier, Allstate, had not been named or served in the suit. The case remained pending for over four years when, on March 20, 1998, Baldwin voluntarily dismissed the action against Wisenbaker without prejudice. On Septem-

ber 14, 1998, Baldwin and his wife attempted to recommence the action by filing suit against their uninsured motorist insurance carrier, Allstate. They failed to name Wisenbaker or any other entity as a defendant.

Allstate moved for summary judgment, arguing that the purported renewal action was invalid because it was filed solely against Allstate, when Allstate was not a party to the original action. Allstate urged that since the alleged tortfeasor named in the original complaint, Wisenbaker, was not named in the purported renewal action, the action was not valid. And because it was not a valid renewal action, any defect therein could not be cured by amendment.

On March 1, 1999, nearly six months after the time for filing a renewal action expired, but before the trial court ruled on Allstate's motion for summary judgment, Baldwin moved to add Wisenbaker as a defendant. The trial court allowed Baldwin to add Wisenbaker as a defendant and denied Allstate's motion for summary judgment, finding that the addition of Wisenbaker made the second action a valid renewal action.

1. Allstate contends that the trial court erred in denying its motion for summary judgment when the purported renewal action was not valid because it was not filed against the original defendant, and such a defect could not be cured by amendment. We agree.

OCGA § 9-2-61 (a) provides, in relevant part, that when a case has been commenced within the applicable statute of limitation and the plaintiff dismisses the case, it may be recommenced either within the original limitation period or within six months after the dismissal. To be a valid renewal of an original suit, so as to suspend the running of the statute of limitation, the new petition must be substantially the same as the original as to the essential parties.[1] The renewal statute may not be used to suspend the running of the statute of limitation as to defendants different from those originally sued.[2]

Baldwin attempted to recommence his personal injury action within six months after dismissing it. However, in refiling his action, Baldwin neglected to name the one essential party named in the first action, Wisenbaker. Wisenbaker was the alleged tortfeasor and the only party sued in the original suit. Filing an action against Allstate was not the equivalent of recommencing an action against Wisenbaker. Besides never being a party to the original suit, Allstate did not occupy the same position as Wisenbaker. Allstate was not the

---

[1] See *U. S. Fidelity &c. Co. v. Reid*, 268 Ga. 432, 434 (491 SE2d 50) (1997); *Heyde v. Xtraman, Inc.*, 199 Ga. App. 303 (404 SE2d 607) (1991).

[2] See *Patterson v. Rosser Fabrap Intl.*, 190 Ga. App. 657, 659 (379 SE2d 787) (1989); *Wagner v. Casey*, 169 Ga. App. 500, 501 (2) (313 SE2d 756) (1984).

tortfeasor and could be held liable only on a derivative basis.[3] And, unlike Wisenbaker, Allstate, as an uninsured motorist insurance carrier, could not be forced to become a party to either tort action;[4] Allstate could opt to participate in the proceedings in its own name, in Wisenbaker's name, or in both or could do nothing.[5] Thus, the new petition was not substantially the same as to the essential parties. Accordingly, the action purportedly filed by Baldwin against Allstate was not a valid renewal action.

2. It is unnecessary to address the issue of whether the trial court properly applied the amendment and relation-back provisions of OCGA §§ 9-11-15 (c) and 9-11-21 in the purported renewal action. Baldwin failed to file a valid renewal action within the six months permitted by the statute. That the trial court has authority to allow amendments to pleadings and to permit relation-back of the amendments presupposes the existence of a valid action.[6] Here there was no valid action pending when Baldwin sought to add Wisenbaker as a defendant.

Furthermore, we note that as an uninsured motorist insurance carrier, Allstate is allowed to assert any defense that would be available to Wisenbaker.[7] Wisenbaker, even in a renewal action, could raise the defenses of lack of service and expiration of the renewal or limitation period.[8] Baldwin has shown no excuse or justification for having failed to name and serve Wisenbaker within six months of the dismissal.[9] Indeed, he offers no explanation for failing to sue her within the renewal period. Under these circumstances, summary judgment should have been granted in favor of Allstate.

3. On remand, the trial court is directed to vacate its order allowing the amendment and to enter summary judgment in favor of Allstate.

*Judgment reversed and case remanded with direction. Phipps and Mikell, JJ., concur.*

---

[3] See generally *Rodgers v. St. Paul Fire &c. Ins. Co.*, 228 Ga. App. 499, 500 (1) (492 SE2d 268) (1997).

[4] See *U. S. Fidelity &c. Co.*, supra at 433; OCGA § 33-7-11 (d).

[5] See id.; *U. S. Fidelity &c. Co.*, supra; *U. S. Fidelity &c. Ins. Co. v. Myers*, 214 Ga. App. 851, 852 (449 SE2d 359) (1994); *Smith v. Phillips*, 172 Ga. App. 459, 461 (1) (323 SE2d 669) (1984).

[6] See generally *El Chico Restaurants v. Transp. Ins. Co.*, 235 Ga. App. 427, 430 (2) (509 SE2d 681) (1998); *Bil-Jax, Inc. v. Scott*, 183 Ga. App. 516 (359 SE2d 362) (1987); *Wagner*, supra at 501-502 (2).

[7] See *Brown v. State Farm &c. Ins. Co.*, 242 Ga. App. 313, 315 (2) (529 SE2d 439) (2000).

[8] See, e.g., *Kimball v. KGB Transp.*, 241 Ga. App. 511, 512 (527 SE2d 233) (1999); *Watters v. Classon*, 193 Ga. App. 493, 494 (1) (388 SE2d 397) (1989).

[9] See generally *Hall v. Scott USA, Ltd.*, 198 Ga. App. 197, 198-199 (1) (400 SE2d 700) (1990).

DECIDED JUNE 28, 2000.

*Young, Thagard, Hoffman, Scott & Smith, Daniel C. Hoffman, Elizabeth C. Cleveland*, for appellant.
*Copeland & Haugabrook, Roy W. Copeland, Karla L. Walker*, for appellees.