## A02A0426. WARD v. DODSON.
(569 SE2d 554)

MIKELL, Judge.

It is undisputed that Warren Ward originally filed suit against Clarence Dodson, Jr. in the State Court of Houston County on June 9, 2000, alleging personal injuries from an automobile accident that occurred during a police chase on January 3, 1999. Dodson is a sheriff's deputy; however, the complaint did not name him in his official capacity. Ward later filed a motion to join the Houston County Board of Commissioners (the "County Commissioners") and Sheriff Cullen Talton as party defendants. After the court requested that defense counsel submit an order denying the motion to join the parties, Ward voluntarily dismissed the case on March 12, 2001.[1] On March 14, 2001, the trial court entered an order denying the motion to join the County Commissioners and Sheriff Talton.

Ward filed the present action in Houston County Superior Court the next day, March 15, over two months after the expiration of the two-year statute of limitation. OCGA § 9-3-33. The new suit named Dodson in both his official and individual capacities and included the County Commissioners and Sheriff Talton as defendants. The County Commissioners and the sheriff moved to dismiss the claims against them on the ground that Ward improperly added new parties to the suit after the expiration of the statute of limitation. Before the court could rule on the motion, Ward dismissed his claims against the County Commissioners and Sheriff Talton.

Dodson filed a motion for summary judgment, in which he raised official immunity and the statute of limitation. The court granted Dodson's motion, concluding that Ward's claims against Dodson individually were barred by official immunity, because Dodson's actions in responding to the emergency call were discretionary rather than ministerial. See *Cameron v. Lang,* 274 Ga. 122, 125 (2) (549 SE2d 341) (2001). The court also determined that Ward's failure to sue Dodson in his official capacity in the original suit prevented him from raising such claims in the refiled action.

Ward filed the present appeal, arguing that the court erred in concluding that the action against Dodson in his official capacity was

---

[1] Dodson filed a motion for summary judgment based on official immunity, but Ward dismissed the case before the court could rule.

barred by the statute of limitation. We disagree and affirm. Additionally, because Ward does not challenge the court's decision that Dodson was entitled to official immunity in connection with the individual claims against him, the ruling is affirmed on that ground as well. See *Sass v. First Nat. Bank &c.*, 228 Ga. App. 7, 8 (2) (491 SE2d 76) (1997).

Summary judgment is proper when there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). To obtain summary judgment, a defendant need not produce any evidence but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant. *Supchak v. Pruitt*, 232 Ga. App. 680, 682 (1) (503 SE2d 581) (1998).

We conclude that the trial court properly found that Ward could not maintain an action against Dodson in his official capacity. OCGA § 9-2-61 (a) permits a plaintiff to dismiss and recommence a suit "within the original applicable period of limitation[ ] or within six months after the . . . dismissal, whichever is later." If the statute of limitation has not run, the plaintiff may add new parties and new claims to the refiled action; however, if the statute of limitation has expired, the plaintiff is limited to suing the same defendants under the same theories of recovery. *Allstate Ins. Co. v. Baldwin*, 244 Ga. App. 664, 665 (1) (536 SE2d 558) (2000). "[T]he new petition must be substantially the same as the original as to the essential parties. The renewal statute may not be used to suspend the running of the statute of limitation as to defendants different from those originally sued." (Footnotes omitted.) Id. See also *Collins v. Byrd*, 204 Ga. App. 893, 895 (2) (420 SE2d 785) (1992).

Therefore, the issue is whether Ward essentially named a different defendant in violation of the renewal statute by adding a claim against Dodson in his official capacity. As a preliminary matter, it is clear from the record that Ward's original complaint was filed against Dodson individually. Ward admits in his appellate brief that "the first action filed against the Appellee in the State Court of Houston County did not name Appellee in his official capacity as Deputy Sheriff of Houston County." In its order granting Dodson's motion for summary judgment in the refiled action, the trial court recognized that "Plaintiff's [original] complaint made no allegations that Defendant was a police officer, that he was in uniform, or that he was driving a police vehicle. The caption itself just names Defendant as Clarence Dodson, Jr." Our review of the original complaint is consistent with

the trial court's conclusion.[2] Furthermore, in determining the capacity in which a defendant is sued, courts should look to the complaint and the course of the proceedings. *Colvin v. McDougall*, 62 F3d 1316, 1317 (11th Cir. 1995). Here, the pleadings in the original suit lead to the conclusion that Dodson was sued only in his individual capacity. In addition to the complaint's failure to mention the fact that Dodson was a sheriff's deputy, Ward subsequently moved to add the County Commissioners and the sheriff, which would have been unnecessary had he sued Dodson in his official capacity.

Federal courts emphasize the difference between suing a defendant in his individual and official capacities. For instance, the Eleventh Circuit has expressly stated that "[w]e stress as much as we can that the difference between an official capacity suit and an individual capacity suit is a big difference. [Cit.] And, in general, plaintiffs have a duty to make plain who they are suing and to do so well before trial." *Colvin*, supra at 1318. See also *Fitzgerald v. McDaniel*, 833 F2d 1516, 1520 (11th Cir. 1987).

Additionally, the Supreme Court of Georgia has recognized that a suit against a public employee in his or her official capacity is in reality a suit against the state. *Cameron*, supra at 126 (3). Accordingly, if Ward was able to name Dodson in his official capacity in the refiled suit, it would be tantamount to naming Houston County as a defendant in that action after the county had not been named in the original suit. Therefore, contrary to Ward's argument that filing suit against Dodson individually was sufficient to satisfy the renewal statute, the trial court properly concluded that any claim against Dodson in his official capacity was barred by the statute of limitation.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JULY 1, 2002 —
RECONSIDERATION DENIED JULY 24, 2002 

*Carl A. Veline, Jr., Waymon S. Harrell*, for appellant.
*Cruser & Mitchell, William T. Mitchell, Deana S. Johnson, Downey & Cleveland, Russell B. Davis, Alan J. Gibson, Martin, Snow, Grant & Napier, Cubbedge Snow III, Sherman E. Moody III*, for appellee.

---

[2] The copy of the original complaint which is contained in the record has not been stamped as filed; however, neither party disputes that this is an accurate copy of the complaint filed in state court.