A06A0259. COSTELLO v. BOTHERS et al.
(629 SE2d 599)

MIKELL, Judge.

Raquel Costello appeals the trial court's dismissal of her renewal action in this automobile accident case. For reasons that follow, we affirm the dismissal.

The relevant facts follow: On May 29, 2002, Costello sued Frederick Bothers in the State Court of DeKalb County for personal injuries allegedly resulting from an August 17, 2001, automobile collision (the "2002 lawsuit"). Costello's attempts to serve Bothers were unsuccessful. On September 23, 2002, Costello filed a motion to allow service by publication and requested that GEICO, plaintiff's uninsured motorist carrier ("UM carrier"), be served. The trial court granted the motion on September 26, 2002, finding that Bothers had departed from his residence and could not be found within the state, or was concealing himself to avoid service. Service by publication was

perfected on Bothers on November 8, 2002. GEICO was never served.[1] On December 12, 2002, Bothers filed a special appearance and answer. Subsequently, Bothers moved to dismiss, asserting insufficient service of process and lack of personal jurisdiction. During a pre-trial hearing on July 26, 2004, the trial court orally granted Bothers' motion. On July 28, 2004, before a written order was entered, Costello voluntarily dismissed her complaint without prejudice.[2] On August 3, 2004, the trial court entered an order granting the motion to dismiss, nunc pro tunc to July 26, 2004.

Costello filed the present action in the same court on August 18, 2004 (the "2004 lawsuit"), one year after the expiration of the two-year statute of limitation.[3] The 2004 lawsuit named Bothers and added Dorothea Bothers, the alleged owner of the vehicle involved in the collision. Dorothea Bothers was personally served on October 19, 2004. Bothers was not served, but filed a special appearance and answer on December 3, 2004. On February 16, 2005, the defendants moved to dismiss on grounds they were not served within the applicable statute of limitation. On March 24, 2005, Costello filed a motion to serve Bothers by publication, which was granted by the trial court on April 8, 2005. Service by publication was perfected on Bothers on April 28, 2005. GEICO, Costello's UM carrier, was served on May 9, 2005, and filed its answer and cross-claim on June 8, 2005. On August 8, 2005, the trial court granted the defendants' motion to dismiss, finding that "[p]laintiff's failure to assert the basis for recommencing her claim [as provided in *Morrison v. Bowen*[4]] puts it outside the purview of OCGA § 9-2-61. Without [the] averments [outlined in *Morrison*] in the complaint, the [p]laintiff's . . . claim is outside the [two-year] statute of limitation." This appeal followed.

1. We first address Costello's claim that the trial court improperly dismissed the 2004 lawsuit because Costello failed to comply

[1] Citing to a "Certificate of Service, Record 02A92497-5; Sheriff's Entry of Service, Record 02A92497-5," appellant claims in her brief that her UM carrier was served in November 2002. In her reply brief, appellant reiterates that GEICO was served in November 2002. Though we have found evidence that GEICO was served in the 2004 lawsuit on May 9, 2005, we have found no evidence that GEICO was served in the 2002 lawsuit in November 2002. Appellant cites to page 103 of the record in the 2004 lawsuit to support her claim that GEICO was served in that action, but provides no page citation to support her claim that GEICO was served in the 2002 lawsuit. Since we decline to cull the record on appellant's behalf, we must assume that GEICO was not served in 2002, as ordered by the trial court.

[2] Incidentally, we note that Costello's voluntary dismissal was ineffective: "Once a judgment in a civil case has been announced[,] though not formally entered, the attempted filing of a voluntary dismissal thereafter is not permissible and does not effect a dismissal." (Citation and punctuation omitted.) *Woelper v. Piedmont Cotton Mills*, 266 Ga. 472, 474 (4) (467 SE2d 517) (1996).

[3] OCGA § 9-3-33.

[4] 106 Ga. App. 464 (127 SE2d 194) (1962).

with the technical requirements of *Morrison*. We agree that the trial court improperly dismissed the 2004 lawsuit on a technicality. Based on the facts of this case, the trial court should have taken judicial notice of the physical record from the 2002 lawsuit in determining if the 2004 lawsuit met the tests for renewal.[5] Nevertheless, as discussed below, we affirm the order of dismissal under the right for any reason principle.[6]

2. Costello claims that since she perfected service on Bothers and GEICO in the 2002 lawsuit, the trial court erred in dismissing the 2004 lawsuit. We disagree.

OCGA § 9-2-61 (a) permits the renewal of an action after its dismissal by filing a new complaint "within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later." "The renewal statute applies only to actions that are valid prior to dismissal. To constitute a valid action, the complaint must be served personally on the defendant."[7] "While service by publication may be used pursuant to OCGA § 33-7-11 for purposes of complying with the condition precedent for pursuing one's uninsured motorist insurance carrier,"[8] it is insufficient to confer personal jurisdiction. Pretermitting whether GEICO was served in the 2002 lawsuit, Costello has failed to show that she personally served Bothers. Accordingly, the initial suit was void and not subject to renewal, and the trial court did not err in granting the motion to dismiss.

3. There is another reason the trial court properly dismissed the 2004 lawsuit against Dorothea Bothers. In a renewal action, "[i]f the statute of limitation has not run, the plaintiff may add new parties and new claims to the refiled action; however, if the statute of limitation has expired, the plaintiff is limited to suing the same defendants under the same theories of recovery."[9] "To be a valid renewal of an original suit, so as to suspend the running of the statute of limitation, the new petition must be substantially the same as the original as to the essential parties. The renewal statute may not be used to suspend the running of the statute of limitation as to

---

[5] *Belcher v. Folsom*, 258 Ga. App. 191, 192 (573 SE2d 447) (2002) ("[B]ecause the renewed action was filed in the same court as the original action, the trial court could take judicial notice of the physical record from the original action in determining if the renewed action met the tests for renewal."), citing *Petkas v. Grizzard*, 252 Ga. 104, 108 (312 SE2d 107) (1984).

[6] See, e.g., *Johnson v. Equicredit Corp.*, 238 Ga. App. 380, 381 (1) (517 SE2d 353) (1999).

[7] (Punctuation and footnote omitted.) *Stephens v. Shields*, 271 Ga. App. 141, 142 (608 SE2d 736) (2004).

[8] (Citation omitted.) *Hawkins v. Wilbanks*, 248 Ga. App. 264, 265 (546 SE2d 33) (2001). Accord *Saxton v. Davis*, 262 Ga. App. 72, 73 (1) (584 SE2d 683) (2003); *Bailey v. Lawrence*, 235 Ga. App. 73, 76 (1) (508 SE2d 450) (1998).

[9] (Citation omitted.) *Ward v. Dodson*, 256 Ga. App. 660, 661 (569 SE2d 554) (2002).

defendants different from those originally sued."[10] Since the 2002 lawsuit named only Frederick Bothers, Costello's claim against Dorothea Bothers was barred by the statute of limitation.

4. Alternatively, Costello claims that because the statute of limitation was tolled by Bothers' removal from the state, OCGA § 9-3-94, the 2004 lawsuit cannot be deemed a renewal action and, therefore, was timely filed. This claim is meritless.

In support of her claim, Costello cites to (1) a private investigator's averment that Bothers must have removed himself from the state because he cannot be found in the state, and (2) the trial court's various orders allowing service by publication because "Frederick Bothers, has departed from his residence and cannot be found within the state, or is concealing himself to avoid service of summons." To invoke OCGA § 9-3-94, Costello must show that Bothers was a Georgia citizen at the time of the alleged accident and that he subsequently removed himself from the state with the intent to change his residence.[11] Merely speculating as to Bothers' possible whereabouts is insufficient to invoke the tolling provision of OCGA § 9-3-94.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED APRIL 12, 2006 — 

*Scott A. Isles Hart, Heather C. Wright*, for appellant.
*Charis L. Johnson*, for appellees.

---

[10] (Footnotes omitted.) *Allstate Ins. Co. v. Baldwin*, 244 Ga. App. 664, 665 (1) (536 SE2d 558) (2000).

[11] See *South v. Montoya*, 244 Ga. App. 52, 53 (2) (537 SE2d 367) (2000). See also *Miller v. Rackley*, 199 Ga. 370, 377 (3) (34 SE2d 438) (1945).