**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RICKMAN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 3, 2019**

# In the Court of Appeals of Georgia

A18A1653. AARON v. JEKYLL ISLAND STATE PARK
AUTHORITY.

McFADDEN, Presiding Judge.

Angelita Aaron appeals the trial court's order dismissing her personal injury lawsuit on statute-of-limitation grounds. Aaron argues that her lawsuit is not barred by the statute of limitation because it is a timely renewal of an earlier filed lawsuit. But the first lawsuit did not name the same defendant; the two lawsuits named entirely different instrumentalities of the state: the first named the Georgia Department of Natural Resources; the second named the Jekyll Island--State Park Authority. So the instant lawsuit is not a valid renewal action. Accordingly the trial court did not err by dismissing the lawsuit on statute-of-limitation grounds and we affirm.

On September 17, 2015, days before the statute of limitation ran, see OCGA § 50-21-27 (c), Aaron filed a complaint for injuries she sustained on September 21, 2013, at the Summer Waves Water Park on Jekyll Island. Aaron named as the

defendant, "Georgia Department of Natural Resources d/b/a Summer Waves Water Park." Aaron dismissed the case without prejudice in December 2015.

On June 21, 2016, Aaron filed the instant lawsuit for the same injuries. She named as the defendant,"Jekyll Island State Park Authority, a/k/a Jekyll Island Authority, d/b/a Summer Waves Water Park." In the complaint she contended that her action was a renewal action that related back to the complaint filed September 17, 2015.

The Jekyll Island--State Park Authority, which owns and operates the Summer Waves Water Park, answered the complaint, raising a statute-of-limitation defense. It moved to dismiss the complaint on that ground, arguing that Aaron's complaint was not a renewal of the previously filed complaint because it named a different defendant. The trial court agreed and dismissed the complaint, and Aaron filed this appeal. Because the defendant newly named in the renewal action is not substantially identical to the one named in the original action, we agree as well.

OCGA § 9-2-61, the renewal statute, provides in pertinent part, "When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original

applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later. . . ." OCGA § 9-2-61 (a). When filing a renewal action,

> [i]f the statute of limitation has not run, the plaintiff may add new parties and new claims to the refiled action; however, if the statute of limitation has expired, the plaintiff is limited to suing the same defendants under the same theories of recovery. The new petition must be substantially the same as the original as to the essential parties. The renewal statute may not be used to suspend the running of the statute of limitation as to defendants different from those originally sued.

*Ward v. Dodson*, 256 Ga. App. 660, 661 (569 SE2d 554) (2002) (citations and punctuation omitted) (plaintiff essentially named a different defendant when in attempt to file renewal action, he named defendant in his official capacity while in original suit, plaintiff named defendant in his individual capacity); See also *McCoy Enterprises v. Vaughn*, 154 Ga. App. 471 (268 SE2d 764) (1980) (plaintiff could not sue corporation in renewal action because corporation was not party to original suit filed before running of statute of limitation, and plaintiff did not file amendment of first complaint so as to change defendant from sole owners of corporation to corporation).

Per force the filing of a "recommenced" action under OCGA § 9-2-61 (a) cannot be used to amend an original action in a way not authorized under the Civil

3

Practice Act generally. Under OCGA § 9-11-15 (c), "[a]n amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, *and if within the period provided by law for commencing the action against him* the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." (emphasis supplied).

Under OCGA § 9-2-61 (a), "[l]ong-standing and well-settled precedent establishes that in a renewal action the cause of action must be substantially the same as in the original action and there must also be a substantial identity of essential parties." *Gish v. Thomas*, 302 Ga. App. 854, 861-62 (3) (691 SE2d 900) (2010) (citations and punctuation omitted) (plaintiff who originally filed suit as representative of estate could not renew action so as to avoid statute of limitation by filing suit in her individual capacity). See also *Sheldon & Co. v. Emory Univ.*, 184 Ga. 440 (1) (191 SE 497) (1937) ("The rule requiring substantial identity of essential parties has been held not to be violated: where a party in the later case is the successor trustee, or other representative, of an original party who occupied the same

4

position as plaintiff or defendant; or where the first suit was dismissed for nonjoinder of one of the representatives of the estate, who is added as a party to the second suit; or where the first suit is brought against two defendants, dismissed as to both, and renewed as to only one; or where the difference is merely as to nominal or unnecessary parties," but a defendant in a representative capacity and a defendant in an individual capacity are substantially different.) (citations omitted).

The defendants Aaron named in the two lawsuits are substantially different. Compare OCGA § 12-2-1 (a) ("There is created a Department of Natural Resources.") and OCGA § 12-3-232 (a) ("There is created a body corporate and politic to be known as the Jekyll Island--State Park Authority, which shall be deemed to be an instrumentality of the state and a public corporation, and by that name, style, and title such body may contract and be contracted with, sue and be sued, implead and be impleaded, and complain and defend in all courts.").

"The [Jekyll Island--State] Park Authority is attached to the Georgia Department of Natural Resources for administrative purposes only. OCGA § 12-3-232 (b)." *Fouche v. Jekyll Island-State Park Auth.*, 713 F2d 1518, 1520 (11th Cir. 1983). It thus "retain[s] its separate identity as an instrumentality of the state and a public corporation." OCGA § 50-4-3 (c). So the defendant named in the first

5

lawsuit, the Georgia Department of Natural Resources, and the defendant named in the second lawsuit, the Jekyll Island--State Park Authority, are separate entities and the second lawsuit is not a valid renewal of the first lawsuit.

The fact that Aaron named the Jekyll Island--State Park Authority's trade name, Summer Waves Water Park, in both complaints does not change this result:

> While an entity conducting business in a trade name may be sued in its trade name, [Aaron] simply did not sue the correct entity using its trade name. She sued the wrong [entity, the Georgia Department of Natural Resources], erroneously claiming that it carried on business under the trade name "[Summer Waves Water Park]." The intended defendant is not brought into court where the wrong entity is named in the complaint, even where the intended defendant's trade name is referenced with "d/b/a."

*Valdosta Hotel Properties, LLC v. White*, 278 Ga. App. 206, 212 (1) (628 SE2d 642) (2006) (citations and punctuation omitted).

For these reasons, the trial court did not err in dismissing Aaron's lawsuit as untimely.

*Judgment affirmed. Rickman and Markle, JJ., concur.*

6